### Straley License

Walter G. Stanton, for Commonwealth.

Miller, Kistler & Campbell, for defendant.

CAMPBELL, P., March 26, 1971.—Defendant, a minor, was the driver of a motor vehicle involved in a one-car accident in Patton Township in Centre County. He was apprehended in a nearby phone booth by the State Police. An examination disclosed a blood alcohol content reading of .12. He was charged with driving under the influence and at the same time was charged with the summary offense of having consumed alcoholic liquor or malt brewed beverages in Patton Township, Centre County, Pa., in violation of section 675.1 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4675.1.

At defendant's trial on the last mentioned summary offense, this court found him guilty on the sole testimony of the police officer setting forth the aforecited facts. A motion in arrest of judgment was filed and is now before us.

We believe we committed error in adjudicating defendant guilty. He was charged solely with the *consumption* of alcoholic beverages. No evidence whatsoever was produced that the consumption took place in Centre County or even in this State.

The establishment of the locus of a crime is a necessary ingredient for a valid conviction as this court has no jurisdiction, without statutory authority, unless it occurred within Centre County: Commonwealth v. Mull et al., 316 Pa. 424 (1934); Commonwealth ex rel. Chatary v. Nailon, 416 Pa. 280, (1965); Sum. of Pa. Jur., §470, Criminal Law.

Proof of the location of the crime also becomes important when we observe that any fine imposed must be paid to the city, borough, town or township in which the offense was committed. Proof of presence of alcohol in defendant's blood does not prove where the same was consumed.

We do not believe this interpretation emasculates the statute inasmuch as it also covers the purchase, possession or transportation of alcohol, liquor, malt or brewed beverages within the Commonwealth, and we can find no indication that consumption should be interpreted as a continuing offense.

We, therefore, enter the following order:

And now, to wit, March 26, 1971, defendant's motion in arrest of judgment is granted and defendant is discharged. If defendant has paid the fine and costs imposed, the same is ordered remitted to the defendant.