## Commonwealth v. Scates

*Charles C. Brown, Jr.,* District Attorney, for Commonwealth.

*Edward L. Willard,* for defendant.

CAMPBELL, P. J., July 3, 1972.—Defendant stands charged with an escape from the State Correctional Institution at Rockview in this county under section 309 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4309, now the Crimes Code of December 6, 1972, P. L. 1068, 18 PS §5121. He challenges the jurisdiction of this court by a motion to quash and to strike the return of a justice of the peace. Commonwealth and defense counsel have stipulated the facts as follows:

Defendant was lawfully confined under a sentence from Allegheny County in the State Correctional Institution at Rockview. He applied to the prison officials for a furlough to visit his parents under the Pre-Release Act of July 16, 1968, P. L. 351, 61 PS §§1051-54. The same was granted, effective September 15, 1971, at 8 a.m. and to be terminated September 21, 1971, at 5 p.m. He signed an agreement waiving extradition and agreeing to all of the provisions of the Pre-Release Act above cited, including a specific statement of his understanding that failure to return would constitute escape under the provisions of the Penal Code. Defendant failed to return to Rockview following his furlough. Approximately three months later, defendant was apprehended in Allegheny County, returned to Centre County, and charged under the prison breach or escape statute: 18 PS §4309. Defendant contends: (a) that the locus of a crime is always at issue; (b) that no court has jurisdiction unless the crime occurred in the county of trial, subject to certain exceptions which are not applicable in this case; (c) that this court has jurisdiction of an offense only if it is committed within the county; (d) that the venue statute of July 22, 1913, P. L. 912, as amended, 19 PS §526, requires that the trial of escape shall be tried in the county where the escape occurred; and

134

(e) that the breach of the furlough agreement and, consequently, the escape did not occur in Centre County.

We agree with and approve defendant's first four contentions as set forth in (a), (b), (c) and (d) above: Commonwealth ex rel. Chatary v. Nailon, 416 Pa. 280 (1965).

We disagree with defendant's contention that the escape did not occur in Centre County. Section 3 of the Furlough Act of July 16, 1968, P. L. 351, 61 PS §1053, reads, in part, as follows:

"Failure of any inmate to report to or return from the assigned place of employment, training, education *or other authorized destination* shall be deemed an escape under the provisions of section 309 of the act of June 24, 1939 (P. L. 872), known as 'The Penal Code.' "

It is quite clear that defendant was to return to Rockview on or before the twenty-first of September 1971. He failed to do so. We hold that the breach occurred at the destination, being the State Correctional Institution at Rockview in Centre County. We adopt the rationale that failure to report to a place of assignment may be an indictable offense and that one does not have to be physically present in a State to be guilty of a criminal offense therein: United States v. Johnston and Sokol, 227 F. 2d 745 (1955), affirmed 351 U.S. 215 (1956).

We are fully cognizant of the many public policy arguments which may be advanced both for and against the opinion of this court but we submit that this and like incidents may be processed with more efficiency and less confusion if they are handled by the institution granting the furlough and in the facilities nearest them. We regret that the legislature, when providing that a failure to return constitutes

an escape under section 309 of the Penal Code, did not go further and fix the jurisdiction or venue of the crime.

We advance this word of caution: If a defendant is in the custody of a sheriff or prison official and is being transferred from Centre County to Allegheny County and defendant makes good his escape from his custodial officer in Cambria County, we believe jurisdiction for this offense might well be in Cambria County. However, under the factual situation here presented, we hold that the offense occurred at and where he failed to return until such time as we are advised by legislative action or appellate review to treat the matter otherwise.

And now, July 3, 1972, defendant's motion to quash and to strike is refused.