## Commonwealth ex rel. Chatary, Appellant, *v.* Nailon.

Argued November 13, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David C. Harrison*, for appellant.

*Richard A. Devlin*, Assistant District Attorney, with him *Richard S. Lowe*, District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 5, 1965:

Two dwelling houses in Montgomery County, Pennsylvania, were burglarized sometime between Decem-

ber 2 and December 7, 1960.[1] Several articles were stolen therefrom, including a camera and a pair of binoculars. On December 10, 1960, for reasons unconnected with the said burglaries, police officers of the City of Philadelphia searched the automobile of Michael Paul Chatary, in the City of Philadelphia, County of Philadelphia, and found certain of the aforementioned stolen articles therein. As a result, Chatary was later indicted in Montgomery County on charges of burglary, larceny and receiving stolen goods.

Chatary was tried on the indictments on April 27 and August 7, 1961, in Montgomery County before a judge without a jury. He was found guilty on the indictments charging the crime of receiving stolen goods, but not guilty on the burglary and larceny indictments. He was sentenced on October 23, 1961, to a term of imprisonment in the county prison of from two and one-half to five years.

At trial, the only evidence offered by the Commonwealth to connect Chatary with the crimes charged was his possession of the stolen goods in Philadelphia County, as discovered by the Philadelphia police in the manner hereinbefore related. Chatary testified and denied involvement in the crimes charged and offered testimony in explanation of the presence of the stolen goods in his automobile. The trial judge found the defendant's denial "incredible" and his explanation of the possession "fantastic." Nevertheless, he acquitted him of the burglary and larceny charges.

No question as to the lack of proof of venue was specifically raised at trial, although the defendant did demur to the Commonwealth's evidence, which was overruled. The question was first presented specifically in a post trial motion seeking a new trial, which

---

[1] The residents were away during this period and the evidence of the burglaries was not discovered until their return home on December 7th.

was denied. An appeal to the Superior Court from the judgment of sentence was quashed for failure to file within the prescribed time.

On March 14, 1963, this action in habeas corpus was instituted in the Court of Common Pleas of Montgomery County and dismissed after hearing. On appeal, the Superior Court affirmed, 202 Pa. Superior Ct. 451 (1964). We granted allocatur.

The reason assigned for the issuance of the writ is that the evidence at trial did not establish that the commission of the crime occurred in the county wherein the conviction took place.

It is, of course, the law that "the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not . . . .": *Commonwealth v. Mull,* 316 Pa. 424, 426, 175 A. 418, 419 (1934). It is equally well established that unexplained possession in the defendant of property recently stolen is evidence that he is the thief. Also, if the larceny was committed in the perpetration of breaking and entering, such possession is evidence of guilt of the charge of statutory burglary. Also, if the indictment charges receiving stolen goods only, the unexplained possession is evidence of guilt of that crime. See, *Commonwealth v. Gomori,* 192 Pa. Superior Ct. 325, 161 A. 2d 649 (1960) ; *Commonwealth v. Joyce,* 159 Pa. Superior Ct. 45, 46 A. 2d 529 (1946). However, such evidence is not conclusive and may be rebutted. It is for the trier of fact alone to say whether the guilt of the defendant is a reasonable inference, fairly deducible from his possession of recently stolen property, in light of all the circumstances, including the reasonableness of his explanation, if any, as to how he came into possession: *Commonwealth v. Newman,* 276 Pa. 534, 120 A. 474 (1923) ; *Commonwealth v. Kaufman,* 179 Pa. Superior Ct. 247, 116 A. 2d 316

(1955); *Commonwealth v. Joyce,* supra; and, *Commonwealth v. Dock,* 146 Pa. Superior Ct. 16, 21 A. 2d 429 (1941).

But while evidence of such possession is, in itself, sufficient to warrant a jury in finding that the defendant is guilty of the crime of receiving stolen goods, it is not, in itself, sufficient to establish jurisdiction and venue, where, as here, the possession in the defendant was found in another county. While it is true that venue may be proved by circumstantial evidence (2 Wharton, Criminal Evidence §928 (11th ed. 1935)), the record herein fails to disclose any circumstance (other than the possession) upon which an inference of venue could be based. While the possession does give rise to an inference of guilt, it does not, in itself, and should not, under the circumstances presented, permit an inference that the goods were received in the county in which they were stolen. This would be contrary to logic and practical experience, especially in these days of rapid transportation and communication.

Moreover, as above noted, the possession gives rise to a *rebuttable* inference only. When the trial court found the defendant "not guilty" of the burglaries and larcenies, this finding established conclusively that the defendant was not at the scene of these crimes, either as a principal or an accessory. Since Montgomery County's connection with the crime, for which the defendant was convicted, was limited, under the evidence, to the fact that the burglaries and larcenies occurred there, the above finding by the court destroyed the only evidentiary link connecting the defendant with the reception of the goods in that county. The trial evidence was, therefore, insufficient to establish proper venue and jurisdiction.

The Commonwealth's position in these proceedings, which was sustained by the lower courts, is that the

question in issue cannot be raised collaterally in habeas corpus. It is true that the question of lack of jurisdiction of a trial court should, as a general rule, be reviewed by appellate proceedings and not by means of habeas corpus. However, the question may be raised in habeas corpus where the lack of jurisdiction is "clear and undisputable" on the face of the record, *Commonwealth ex rel. Ritchey v. McHugh,* 189 Pa. Superior Ct. 515, 151 A. 2d 659 (1959). This, in our opinion, is such a case. It was the Commonwealth's burden to establish proper venue and it failed to meet that duty.

It may be asserted that the verdict of guilty necessarily included a finding that the crime was committed where laid in the indictment and is, therefore, conclusive thereof. While there are statements in several cases to support this contention (See, e.g., *Commonwealth v. Bubnis,* 197 Pa. 542, 47 A. 748 (1901); *Commonwealth v. Kaiser,* 184 Pa. 493, 39 A. 299 (1898); *Commonwealth ex rel. Koffel v. Myers,* 184 Pa. Superior Ct. 270, 133 A. 2d 570 (1957)), an examination of the record in each of these cases discloses that there was sufficient testimony therein to establish proper venue. In the present case, the evidence was clearly insufficient in this respect. Moreover, the *dicta* referred to in *Bubnis, Kaiser* and *Koffel,* supra, are inconsistent with the rulings in other cases, wherein judgments of conviction and sentence in the courts below were reversed on appeal because of the lack of sufficient evidence in the record to establish the fact that the crime occurred in the trial county. See, *Commonwealth v. Tarsnane,* 170 Pa. Superior Ct. 265, 85 A. 2d 606 (1952); *Commonwealth v. Wojdakowski,* 161 Pa. Superior Ct. 250, 53 A. 2d 851 (1947). Cf. *Commonwealth v. Mull,* supra.

While it is true that in the cases just cited the issue of jurisdiction was challenged at the trial, in the

286

instant case the sufficiency of the Commonwealth's evidence was questioned by the demurrer. This challenge necessarily included the proof of jurisdiction.

The orders of the courts below are reversed and the record is remanded to the court of original jurisdiction with directions to issue the writ.

Mr. Chief Justice BELL dissents.