Dissenting and Concurring Opinion by
Hoffman, J.:
This is an appeal from appellant’s conviction for burglary, larceny, and receiving stolen goods.
On April 6, 1969, United States Government securities, bank certificates of deposit, cash, and jewelry were stolen in the burglary of a home in Harrisburg. Two safes, one weighing between 500 and 600 pounds and the other about 75 pounds were removed from the complainants’ bedroom, forcibly opened, and later found several miles away partially submerged in a canal. The bottoms of the safes had been burned out and their contents were missing. The stolen property included three negotiable United States Treasury Bonds. One of the bonds was in the face amount of One Hundred Thousand Dollars and two were each in the amount of Ten Thousand Dollars.
*92 On March 12,1970, eleven months and six days after the burglary, these three bonds were found in the possession of appellant and his co-defendant, Eoger Tally. They had negotiated an agreement to sell the bonds at fifty per cent of their face value, for $60,000, to a person whom they believed to be a representative of a criminal organization in Philadelphia. This man was in fact an undercover agent of the Pennsylvania State Police Organized Crime Unit. As delivery of the bonds was about to be made in a motel room east of Harrisburg, the State Police raided the same, arrested appellant and Tally, and recovered the three bonds which were hidden in a telephone book. Other items of personal property including cash and jewelry, have not been recovered.
At the trial, appellant and Tally did not take the witness stand or offer any evidence in their behalf. The State Police Agent, Albert P. Pistone, was the principal witness for the Commonwealth. His testimony described in detail his contacts and negotiations with appellant and Tally, which culminated in their arrest on March 12, 1970.
Although the bonds were negotiable by delivery alone, the testimony of the Vice President of the Cumberland County National Bank and Trust Company es- . tablished that bonds of this value are not easily negotiated on a daily basis. Furthermore, the identifying numbers on each of the stolen bonds had been recorded, thus making them more difficult to sell.
The Commonwealth contends that the conduct of appellant and Tally in relation to the bonds in their possession was not consistent with lawful ownership. They made no effort to sell the bonds through legitimate channels. Their meetings with the State Police Agent, Pistone, were clandestine in nature and their acts unquestionably suspicious. After telling Agent *93 Pistone that they could get $70,000 for the bonds and his refusal to increase his offer of $60,000, appellant said in Tally’s presence: “What the hell, we’ll grab it. We’ve been all over the damn country spending money trying to get rid of them.”
Prior to our Supreme Court’s decision in Commonwealth v. Owens, 441 Pa. 318, 271 A. 2d 230 (1970), the law in Pennsylvania was that “[a] defendant’s unexplained possession of recently stolen goods is sufficient proof of his guilt of the crime of receiving stolen goods. Although the statute defining that crime provides as an express element that the defendant knew or had reason to know that the goods in question had been stolen, it has been reasoned that such scienter may be presumed from evidence of mere possession.” Commonwealth v. Owens, supra at 320 [footnote omitted].
Owens had been convicted for receiving stolen goods, because of his possession of a pistol three weeks after it had been stolen. Our Supreme Court, relying on the decisions of the United States Supreme Court in Leary v. United States, 395 U.S. 6 (1969), and Turner v. United States, 396 U.S. 398 (1970), reversed Owens conviction and held that a criminal presumption is unconstitutional unless it can at least be said, with substantial assurance, that the presumed fact is more likely than not to flow from the proven fact: “[t]he ‘more likely than not’ test coupled with the examples provided by Leary axid Turner as to how that test should be applied in a given case leave us with little doubt that the knowledge presumption concerning receipt of stolen goods is constitutionally infirm, at least as applied to the circumstances of this case . . . .” Commonwealth v. Owens, supra at 324.
It is apparent that the circumstances shown in the present case would support an inference that appellant had knowledge that the bonds were stolen property. *94 Commonwealth v. Owens, supra. Appellant contends, however, that the evidence introduced by the Commonwealth was not sufficient to sustain a finding of guilt for the crimes of burglary and larceny.
Prior to the Owens case and its progeny, the law had been that a defendant’s possession of recently stolen goods would support a presumption that he was the thief. Commonwealth ex rel. Chatary v. Nailon, 416 Pa. 280, 283, 206 A. 2d 43, 45 (1965). However, in Commonwealth v. Shaffer, 447 Pa. 91, 288 A. 2d 727 (1972), our Supreme Court held that “the extent of the effect which Owens has on the instant case [the proving of a burglary and larceny] is to merely set out the appropriate test to determine if the inference under consideration is constitutionally valid. If the inference the jury is allowed to draw from the facts proven by the Commonwealth, is arbitrary, because of a lack of connection between the two, due process is fatally lacking.” Commonwealth v. Shaffer, supra at 109. In so holding, the Supreme Court has adopted the Owens standard for evaluating whether the evidence is sufficient for conviction of burglary and larceny.
In Shaffer, the Supreme Court indicated that the evidence was sufficient for Shaffer’s conviction because the inference met the “more likely than not” test. The circumstances in Shaffer which supported the inference that the defendant had stolen the goods were that (1) the defendant Avas found with the stolen goods less than twenty-four hours after the burglaries had occurred, (2) the defendant had in Ms possession a large quantity of the goods wMeh had been stolen, (3) the defendant gave a false name when confronted by the police, and (4) one of the defendant’s co-felons attempted to hide the stolen goods from the investigating officers.
*95 The Common-wealth urges in this appeal that appellant’s offer of sale of the bonds, whieh were negotiable by delivery alone, was sufficient evidence to support a conviction for burglary and larceny. The possession of negotiable bonds, however, over eleven months after the burglary, can as easily lead to the conclusion that the bonds were bought from another, as to imply that the possessor was the thief. Furthermore, appellant was not in possession of any other proceeds of the burglary. The circumstances surrounding appellant’s possession of the stolen bonds do not meet the “more likely than not” test which was adopted in the Shaffer case.
Since the Commonwealth has failed to produce sufficient evidence to prove appellant guilty of the burglary and larceny beyond a reasonable doubt, I would reverse the lower court and vacate appellant’s sentence for burglary and larceny.
Spaulding and Packel, JJ., join in this dissenting and concurring opinion.