Opinion by
Packer, J.,
The appellant, convicted in Bucks County for receiving stolen goods in Bucks County, claims double jeopardy because of his previous acquittal in Philadelphia, on similar charges, on the ground that he had not received the goods in Philadelphia. The issue is raised as to whether in Philadelphia he could have been properly found guilty for taking possession of the stolen goods in Bucks County.
The record shows that another individual stole a trailer from a Philadelphia loading dock and drove it to Bucks County where he and the appellant unloaded its contents into the warehouse of the latter. At their nonjury trial in Philadelphia the other individual pled guilty to burglary of a motor vehicle, larceny and receiving stolen goods, and the appellant was acquitted. Later the appellant was convicted in Bucks County for receiving stolen goods and for conspiracy.
The contention is made that the proper place for the trial of a crime is merely a question of venue and not a question of subject matter jurisdiction. We do not start with a clean slate. Embedded in the common law[1] is the proposition that the subject matter ju *378 risdiction of criminal courts extends only to offenses committed within the county of trial. Commonwealth ex rel. Chatary v. Nailon, 416 Pa. 280, 283, 206 A. 2d 43, 45 (1965) (“It is, of course* the law that ‘the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not. . .’ ”); Commonwealth v. Mull, 316 Pa. 424, 175 A. 418 (1934); Commonwealth v. Lawrence, 282 Pa. 128, 127 A. 465 (1925); Commonwealth ex rel. Ritchey v. McHugh, 189 Pa. Superior Ct. 515, 520, 151 A. 2d 659, 661 (1959); Commonwealth v. Tarsnane, 170 Pa. Superior Ct. 265, 85 A. 2d 606 (1952); Commonwealth v. Wojdakowski, 161 Pa. Superior Ct. 250, 257, 53 A. 2d 851, 855 (1947); Commonwealth v. Sexton, 107 Pa. Superior Ct. 69, 162 A. 678 (1932) (allocatur refused); Commonwealth v. Bingaman, 51 Pa. Superior Ct. 336 (1912) (allocatur refused).[2] One of the opinions delivered in Simmons v. Commonwealth, 5 Binney 617, 628-629 (1813). (Brackenbidge, J., dissenting on other grounds) contains the earliest appellate recognition of this rule in Pennsylvania and provides an informative view of its historic foundation: “One county is as dis *379 tinct from another, as one country from another, in respect of the right of jurisdiction. Personal actions follow the person, and there is a fiction of the contract being in the county where the person is. . . And there is no fiction in a criminal case so as to give jurisdiction. . . . By the ancient law, ‘all offenses were said to be done against the peace of the county; contra pacem vice comitis/ 1 Black. 117. And though Alfred, to keep within the bounds of the univei'sal or common law, gave the control to the king’s own courts, in consequence of which offences were laid to be contra pacem domini regie, yet it still remained a principle, ‘that the trial of all causes civil and criminal must be in the very district where the cause of complaint arose,’ 4 Black. 411. Fiction in civil cases . . . has dispensed with this as to actions purely personal, bixt in criminal never.”
Although the cases present some confusion between language of jurisdiction and that of venue, there is no doubt that the actuality of what our courts have done is to treat the place of the crime as detexmxining which court has the power to try the offense. Our reports are filled with opinions which discuss the jurisdiction of criminal courts to try cases when certain elements of the prosecuted crimes are alleged to have occurred in different counties: Commonwealth v. Marino, 213 Pa. Superior Ct. 88, 245 A. 2d 868 (1968) aff’d 435 Pa. 245, 255 A. 2d 911 (1969), cert. den. sub nom., Rispo v. Pennsylvania, 395 U.S. 983 (1969) (blackmail) ; Commonwealth v. Rogers, 187 Pa. Superior Ct. 471, 144 A. 2d 662 (1958) (allocatur refused) (conspiracy) ; Commonwealth v. Rosicci, 199 Pa. Superior Ct. 609, 186 A. 2d 648 (1962) (allocatur refused) (false pretenses); Commonwealth v. Sexton, supra (fraudulent conversion) ; Commonwealth v. Lyons, 1 Clark 497, 3 Pa. L.J. 167 (1843) (pollution of waters) ; Commonwealth v. Taub, 187 Pa. Superior Ct. 440, 144 *380 A. 2d 628 (1958) (surety of the peace). Another reflection of the rule is found in the judicial pronouncements that the purpose of sections 48 and 49 of the Act of March 31, I860 P. L. 427, 19 P.S. §§524, 525 is to obviate the difficulty of establishing jurisdiction of offenses committed within 500 yards of a county boundary or during a vehicular journey, Commonwealth v. Farrell, 319 Pa. 441, 181 A. 217 (1935); Commonwealth v. Stefanowicz, 133 Pa. Superior Ct. 501, 3 A. 2d 22 (1938); see generally Commonwealth v. Hainds, 448 Pa. 67, 292 A. 2d 337 (1972).
The cases clearly establish that the appellant’s trial in Bucks County did not constitute double jeopardy because the previous trial in Philadelphia for his offense, committed outside Philadelphia, was beyond the jurisdiction of that court.
Judgment of sentence affirmed.

 It is not necessary in this case to discuss the significance of the provision in Article 1, §9 of the Pennsylvania Constitution, *378 which deals with the right to “a speedy public trial by an impartial jury of the vicinage. . .” Cf. Article VI of the Federal Constitution which provides: “In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . .”

 In the light of these decisions it is clear that Pa. R. Crim. P155 is of limited applicability and particularly because Buie 151 states that 151 through 155 inclusive are applicable only to an issuing authority elected or appointed on or after November 4, 1969. Furthermore, Art. V, §10 of our Constitution, in granting rule making power provides that the rules may not “affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace. . . .” Cf. County Const. Co. v. Livengood Const. Corp., 393 Pa. 39, 44-45, 142 A. 2d 9, 13 (1958).