## Commonwealth v. Urso

*District Attorney's office*, for plaintiff.
*Jos. A. Massa, Jr.*, for defendant.

WOLFE, *P.J.*, November 19, 1984—The indictment against defendant charges that on November 12, 1983, at Pittsfield Township in Warren County, he did intentionally or knowingly take or exercise unlawful control over the moveable property of John Edward Armstrong, which was located at his mobile home, with the intent of depriving him thereof, to wit: three handguns, one rifle with scope, two shotguns, four rifles, along with three knives, one scope, one camera and one pair of binoculars, all having a value of approximately $850.

This is in violation of section 3921(a) of the Pennsylvania Crimes Code — Theft by Unlawful Taking or Disposition (F-3).

Defendant has filed a motion to dismiss this indictment on the grounds of double jeopardy.[*]

Defendant was charged in the County of Erie, New York, on November 29, 1983 for criminal possession of firearms and was convicted on that charge on March 5, 1984 and sentenced by the New York Court to three years probation. Defendant now claims Pennsylvania may not prosecute him on the charge of theft by unlawful taking or disposition occuring in Warren County, Pa. We disagree.

Defendant relies on 18 Pa.C.S. §11, When Prosecution Barred By a Former Prosecution in Another Jurisdiction:

---

[*] U.S. Const. Amendments V, XIV Pa. Const. Article 1, Section 10.

"When conduct constitutes an offense within the concurrent jurisdiction of the Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following conditions:

"(1) The first prosecution resulted in an aquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is based on the same conduct unless:

"(I) the offense of which the defendant was formally convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantial different harm or evil or .

"(II) the second offense was not consummated when the trial began."

The Constitution of United States, Article I, section 10, as applicable to the states through the Fourteenth Amendment is unequivocal: "No person shall, for the same offense, be twice put in jeopardy of life or limb."

In Commonwealth v. Simeone, 222 Pa. Super. 376, 294 A.2d 921 (1972), the court discussed the jurisdictional issue of inter-county charges and that of double jeopardy. There, defendant and another stole a trailer in Philadelphia and drove it to Bucks County. At their nonjury trial in Philadelphia, the other defendant pled guilty to burglary of a motor vehicle, larceny and receiving stolen goods, and defendant was acquitted. Subsequently defendant was prosecuted in Bucks County for the same offenses as in his prior trial in Philadelphia, and he therefore claimed he was placed in double jeopardy

in Bucks County. The court affirmed that the finding of the trial court the charge in Bucks County for receiving stolen goods and for conspiracy was not the same crime for which he was acquitted in Philadelphia of burglary of a motor vehicle, larceny and receiving stolen goods. The court held:

"Offenses are not the same for purposes of the double jeopardy clause of the Fifth Amendment unless the evidence required to support the conviction of one of the indictments would have been sufficient to warrant to conviction on the other." United States v. Keresty, 323 F. Supp. 230, 233 (D.C.W.D., Pa. 1971), quoting United States v. American Oil Company, 296 F. Supp. 538, 540 (D.C.N.J., 1969), and cases cited therein.

The court went on to find there were three facts alleged in the indictment which are not the same as those alleged against defendant in Philadelphia, namely: (1) the date of the offense, (2) the ownership of the goods and (3) the county in which the offenses occurred. The evidence would support a conviction on both of the indictments only if these points of difference are immaterial and would not constitute a fatal variance.

Therefore it becomes evident in order for double jeopardy to be a viable defense, the charges must be the same whether it be intra-county prosecution in Pennsylvania or interstate prosecution. We believe this is evident by the holding of Commonwealth v. Mills, 447 Pa. 163, 286 A.2d 638 (1971). In that case the court found the double-jeopardy clause breaks down into three general rules which preclude a second trial or a second punishment for the same offense: (1) Retrial for the same offense after acquittal; (2) Retrial for the same offense after conviction; (3) Multiple punishment for the same offense at one trial. In Mills, defendant was convicted

in a federal court for robbery and subsequently convicted in the Commonwealth of Pennsylvania for carrying a concealed deadly weapon, unlawfully carrying a firearm without a license and aggravated robbery. The court found the holding of Bartkus v. Illinois, 359 U.S. 121, 79 S. Ct. 676 (1979), was still viable despite the holding of Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056 (1969), and found there was no double jeopardy. The court did say, however, very succinctly:

"[A]fter giving careful consideration to all factors involved, we now rule, that henceforth in Pennsylvania, a second prosecution and punishment for the same offense will not be permitted unless it appears from the record that the interests of the Commonwealth of Pennsylvania and the jurisdiction which originally prosecuted and imposed punishment are substantially different. In other words, if it appears that the interest of this Commonwealth were not sufficiently protected in the initial prosecution, then a second prosecution and imposition of additional punishment in Pennsylvania will be allowed. Since the record in the instant case fails to manifest that the interest of Pennsylvania were not fully protected by the initial prosecution in the Federal courts, the convictions and punishments imposed cannot stand."

With that the Supreme Court reversed the Superior Court.

Turning to the instant case, which also is intrastate prosecution and dual sovereignty, we have nothing in the record where we could conclude the interest of the Commonwealth of Pennsylvania has been fully protected in the New York prosecution. Also the charges are distinctly different, albeit it was one conduct or activity of defendant, the theft of the guns from the Armstrong home in Pennsylvania

and the sale thereof in New York, that gave rise to both charges. Further, there is no dual jurisdiction in the instant case as was the case in Mills, supra. Section 111 requires concurrent jurisdiction of this Commonwealth and of the United States or another state. Here, New York does not have concurrent jurisdiction with Pennsylvania on the charge of theft by unlawful taking, nor does Pennsylvania have concurrent jurisdiction with New York State on charge of possession of stolen property.

A distinguishing case of concurrent jurisdiciton is found in Commonwealth v. McKay, 29 D.&C.3d 627 (1984), wherein defendant was charged with theft of moveable property of a tractor and with unauthorized use of a motor vehicle. Defendant was charged in the State of New Jersey with possession of a stolen vehicle. Defendant pleaded guilty in New Jersey to the charge of possessing a stolen vehicle. The Pennsylvania Court found the crime of receiving stolen property is a continuing offense, and once the crime is committed, any jurisdiction in which the person charged with the offense has possession of the property, has jurisdiction to charge him with that offense. The court concluded since defendant received the stolen property in Monroe County, he committed the crime of receiving both in Pennsylvania and New Jersey. Commonwealth v. Zilberg, 12 D.&C. 781 (1929).

In the instant case New York could not, under the same factual situation, prosecute defendant for theft by unlawful taking because that crime is not a continuing crime into another jurisdiction, nor would it be in our opinion even if defendant were prosecuted in a sister county in the Commonwealth of Pennsylvania. It is clear jurisdiction is within the county where the offense is committed unless the offense is a continuing one or statutes provide to the

contrary. Commonwealth ex rel Chatry v. Nailon, 416 Pa. 280, 206 A.2d 43 (1965), "It is, of course, the law that the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not."

For the foregoing reasons we enter the following

## ORDER

And now, this November 19, 1984, defendant's motion to dismiss is denied.