530 A.2d 90

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John F. KEENAN, Jr., and Wardel J. DeShields and James Nicholas, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 28, 1987.

Filed Aug. 11, 1987.

438

Julius E. Fioravanti, Philadelphia, for appellants.

Andrew E. Kramer, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and MONTEMURO, JJ.

CAVANAUGH, Judge:

Appellant, John F. Keenan, challenges a ruling of the lower court denying his motion for dismissal of all charges based upon principles of double jeopardy.[1] Appellant was charged with eight counts of altered, forged, counterfeit documents, 75 Pa.C.S.A. § 7122, and one count of criminal conspiracy, 18 Pa.C.S.A. § 903. These charges grew out of appellant's alleged involvement in the possession and transfer of counterfeit automobile inspection certificates.

BACKGROUND

The origin of this action was a presentment dated March 24, 1983 by the Pennsylvania Multi-County Investigating Grand Jury which recommended to the court, the Honorable John C. Dowling, Supervising Judge, that appellant be charged with forgery, 18 Pa.C.S.A. § 4101, tampering with records or identification, 18 Pa.C.S.A. § 4104, altered, forged or counterfeit documents and plates, 75 Pa.C.S.A. § 71.22, and conspiracy, 18 Pa.C.S.A. § 903. The presentment was accepted by Judge Dowling on April 8, 1983, and

---

1. By separate order, we allow amendment of the caption to exclude DeShields and Nicholas as appellants. Hereafter, use of term "appellant" refers to Keenan only.

he directed Dauphin County to be the place of trial.[2] Pretrial motions raising the issues of subject matter jurisdiction and venue were filed by appellant. Judge Dowling denied these motions on March 13, 1984. The Commonwealth strenuously urged the court to retain jurisdiction. Although all actions taken by appellant and his two co-actors were within Philadelphia County, the Commonwealth based its claim for jurisdiction in Dauphin County on the authority of the supervising judge to pick the county of trial and on the effect the defendants' activities had in Dauphin County.

Prior to Judge Dowling's denial of the motion to dismiss, appellant had petitioned our Supreme Court for a writ of mandamus and/or prohibition. This petition was denied on December 1, 1983.

The case in Dauphin County came to trial on May 17, 1984 and was presided over by Judge Dowling sitting with a jury. Appellant was found guilty by the jury of violating 75 Pa.C.S.A. § 7122 and 18 Pa.C.S.A. § 903. Upon post-verdict motions filed by appellant, Judge Dowling determined that Dauphin County did not have jurisdiction to try the case and on December 3, 1984 granted appellant's motion for a new trial. 33 Pa.D. & C.2d 46 (1984).

Neither appellant nor the Commonwealth appealed from Judge Dowling's order for a new trial.

PHILADELPHIA CHARGES

On January 18, 1985 the Commonwealth filed a complaint against appellant in Philadelphia County charging him with violation of eight counts of 75 Pa.C.S.A. § 7122 and one count of 18 Pa.C.S.A. § 903. There is no dispute between the parties that these charges are identical to the ones charged in the Dauphin County proceedings.

2. The Multi-County Investigating Grand Jury in a separate presentment recommended similar charges against six other persons, five of whom became co-defendants of appellant. Ultimately appellant, Wardel J. DeShields, and James Nicholas were tried together in Dauphin County.

On January 21, 1985 appellant was arrested and was released on his own recognizance. The case was assigned for a preliminary hearing in Municipal Court before the Honorable Ronald Merriweather on April 15, 1985. Appellant waived his right to a preliminary hearing, entered a not guilty plea, and moved dismissal of the charges on double jeopardy grounds. Appellant's motion was granted by Judge Merriweather, after submission of briefs and a hearing, on June 4, 1985.

The Commonwealth appealed to common pleas court. Upon further briefing, the Honorable Ned L. Hirsh reversed the dismissal and remanded the case to Municipal Court for trial. Notice of appeal to this court of Judge Hirsh's order was filed on January 13, 1986.[3]

Judge Hirsh, in an opinion filed on August 4, 1986, found that double jeopardy principles did not bar trial in Philadelphia County since appellant had not been placed in jeopardy by the Dauphin County proceedings as the court lacked jurisdiction. Judge Hirsh relied upon 18 Pa.C.S.A. § 112 as allowing retrial in a court of competent jurisdiction where a former prosecution was before a court which lacked jurisdiction. Additionally, appellant's claim of prosecutorial misconduct in pursuing the action in Dauphin County was rejected since there was no showing that intentional misrepresentations were made by the Commonwealth or that it

---

3. The appeal of the dismissal of a double jeopardy claim may be taken on an interlocutory basis where the claim is not frivolous. *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986). Absent a written finding of the lower court that the double jeopardy claim is frivolous, the court has jurisdiction over an immediate appeal, prior to the commencement of a second trial. *Id.*, 510 Pa. at 346, 508 A.2d at 291. Since the lower court did not make a written finding that the claim was frivolous, we exercise jurisdiction over the appeal.

The lower court specifically stated it considered the pre-trial appeal of its double jeopardy ruling to be permitted. Further, since its opinion was filed over three months after the filing of *Brady*, the lower court had the benefit of that decision and could have made the finding of frivolousness if it had deemed it appropriate. For these reasons, we proceed on the basis that the appeal is not frivolous, and no remand is required. *Cf. Commonwealth v. Learn*, 356 P.Super. 382, 514 A.2d 910 (1986) (remand required in order to afford trial court opportunity to make factual determination on frivolousness.)

intended to provoke a mistrial. Although we do not totally embrace the reasoning of the lower court, we find no error in its determination that the motion to dismiss is properly denied.

APPLICABILITY OF 18 Pa.C.S.A. § 112

■ The lower court and the Commonwealth on appeal rely upon 18 Pa.C.S.A. § 112 for the proposition that the lack of subject matter jurisdiction of Dauphin County allows the prosecution on the same charges in Philadelphia County. This reliance, however, is misplaced since § 112 does not address the specific situation of the instant case.

Section 112 provides as follows:

Former prosecution before court lacking jurisdiction or when fraudulently procured by the defendant.

A prosecution is not a bar within the meaning of section 109 of this title (relating to when prosecution barred by former prosecution for some offense) through Section 111 of this title (relating to when prosecution barred by former prosecution in another jurisdiction) under any of the following circumstances:

(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

(2) The former prosecution was procured by the defendant without the knowledge of the appropriate prosecuting officer and with the purpose of avoiding the sentence which might otherwise be imposed.

(3) The former prosecution resulted in a judgment of conviction which was held invalid in a subsequent proceeding on a writ of habeas corpus, coram nobis or similar process.

18 Pa.C.S.A. § 112.

By its terms, this section relates only to former prosecutions covered by 18 Pa.C.S.A. §§ 109, 110, and 111. Section 109 enumerates four situations of a former prosecution for the same offense; Section 110 concerns a former prosecution for a different offense; Section 111 confines itself to former prosecutions in another state or by the United

States. Clearly, neither Section 110 nor 111 applies to this case.

Section 109 specifies four dispositions of the former prosecution which would bar reprosecution for the same offense. Those four dispositions are as follows:

When prosecution barred by former prosecution for the same offense.

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

(2) The former prosecution was terminated, after the indictment had been found, by a final order or judgment for the defendant, which has not been set aside, reversed, or vacated and which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense.

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

(4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict, or after a plea of guilty was accepted by the court.

18 Pa.C.S.A. § 109.

Paragraph 1 relates to an acquittal, i.e., a not guilty verdict by the trier of fact or a determination of insufficient

evidence. In the instant case, the appellant was found guilty by the trier of fact and there was no finding by the court of insufficient evidence. Therefore, paragraph 1 does not apply to this case.

The second paragraph relates to a terminated prosecution. The trial in Dauphin County proceeded through to verdict, and, therefore, the prosecution was not terminated. Further, the post verdict order granting a new trial did not necessarily require a "determination inconsistent with a fact or legal proposition that must be established for conviction of the offense." Judge Dowling's determination that the court lacked subject matter jurisdiction was a finding independent of the specific elements of the crimes with which appellant was charged. Therefore, paragraph 2 does not apply to this case.

Paragraph 3 concerns a conviction in the former prosecution. No conviction within the meaning of this provision resulted from the Dauphin County proceedings since Judge Dowling granted a new trial.

Paragraph 4 refers to improperly terminated prosecution, a circumstance which is not applicable to the instant case.

In summary, none of the four outcomes of a former prosecution which would bar retrial specified in § 109 has occurred in the instant case. Section 109 does not speak to a situation where a guilty verdict is set aside and a new trial is granted for lack of subject matter jurisdiction. Therefore, since § 109 is not implicated, the exceptions to the bar of a retrial, provided for in § 112 do not apply to this case.

Finding that 18 Pa.C.S.A. § 112 does not apply to the instant case, we do not endorse the conclusion of the lower court that § 112 allows reprosecution since appellant was never placed in jeopardy. We turn, as the lower court did in the alternative, to the constitutional protections against double jeopardy.

DOUBLE JEOPARDY PROVISIONS

Since we find that Sections 109–112 of the Crimes Code do not apply to the situation raised by this case, we must

consider the state and federal constitutional prohibitions against an individual's being placed twice in jeopardy. *See* U.S. Const. Amend. 5, Pa. Const. Art. 1, § 10. Consideration of the consitutional protections contained in the double jeopardy clauses is necessary where the statutory provisions relating to subsequent prosecutions are not applicable. *Commonwealth v. Allen*, 506 Pa. 500, 486 A.2d 363 (1984); *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Johnson*, 319 Pa.Super. 463, 466 A.2d 636 (1983).

We employ a unitary analysis of the state and federal double jeopardy clauses since the protections afforded by each constitution are identical. *Commonwealth v. Sojourner*, 513 Pa. 36, 45 n. 6, 518 A.2d 1145, 1149 n. 6 (1986); *Commonwealth v. Simons*, 342 Pa.Super. 281, 286, 492 A.2d 1119, 1122 (1985), citing *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313 (1980); *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Beaver*, 317 Pa.Super. 88, 463 A.2d 1097 (1983).

The protections afforded by double jeopardy are generally recognized to fall within three categories—(1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098, 1100 (1984) citing *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981).

A preliminary question is whether jeopardy attaches where the court which conducted the first prosecution did not have jurisdiction over the matter. The issue is if there is no jeopardy as a result of the first trial, is there a prohibition against a second trial before a tribunal which does have subject matter jurisdiction.[4]

---

4. In its brief, the Commonwealth directs us to *Commonwealth v. Diaz*, 235 Pa.Super. 352, 340 A.2d 559 (1975) for the proposition that jeopardy does not attach where a court lacks jurisdiction. The Commonwealth has failed to note the decision reversing *Diaz*, at 477 Pa. 122, 383 A.2d 852 (1978).

Although this issue does not arise frequently, there is case law establishing the proposition that where subject matter jurisdiction is lacking no jeopardy attaches, and, therefore, there is no bar to a second prosecution. See *Commonwealth v. Simeone,* 222 Pa.Super. 376, 294 A.2d 921 (1972). In *Simeone,* defendant was charged in Bucks County with receiving stolen goods, a charge of which he had been acquitted in Philadelphia County. We held that since the crime of receiving the stolen goods had been committed in Bucks, the previous trial in Philadelphia did not bar reprosecution since Philadelphia did not have jurisdiction.

In a concurring opinion, Judge Hoffman cautioned that the rule allowing reprosecution where the first court did not have jurisdiction should not be applied to allow the Commonwealth "... to harass a defendant by multiple prosecutions in courts lacking jurisdiction.... In the instant case, there is no evidence that the Commonwealth wrongfully attempted to subject appellant to trial in a court not having jurisdiction of the offense charged." *Id.,* 222 Pa.Superior Ct. at 384 n. 4, 294 A.2d at 925 n. 4 (Hoffman, J., concurring.)

This qualification would essentially incorporate into the jurisdictional analysis the intentional prosecutorial misconduct exception applicable to instances where the prior prosecution ended in a mistrial.[5]

Appellant urges us to find that such an exception is necessary to prevent abuse by the Commonwealth through successive prosecutions in counties in which it knows, or has reason to know, jurisdiction does not lie. The anxiety, insecurity, and financial burdens which successive trials cause an accused are not concerns to be lightly dismissed.

We would agree that where there is evidence of the Commonwealth's intentionally trying a defendant in a court which it knows or should know does not have jurisdiction, a subsequent prosecution is impermissible on the basis of the

5. *See Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *Commonwealth v. Simons,* 514 Pa. 10, 522 A.2d 537 (1987).

constitutional guarantees against being placed twice in jeopardy. Otherwise, the Commonwealth would be free to engage in vexatious pursuit of a pattern of harassment with no legal limit to the number of prosecutions it could mount. Such a Kafkaesque scenario is not in compliance with our constitutional strictures regulating the circumstances under which an individual may be retried for the same offense.

◼ The instant case presents a close question regarding the intent of the Commonwealth in bringing the appellant to trial in Dauphin County. We reject the facile argument of the Commonwealth on appeal that it bore no responsibility for the location of the trial as it was the supervising judge, Judge Dowling, who chose the locus of trial. While true as far as it goes, this argument ignores the fact that the Commonwealth opposed at every juncture the efforts of appellant to avoid trial in Dauphin county on the basis of lack of jurisdiction—a legal determination the Commonwealth now embraces with the certainty of Job. Without the vigorous advocacy of the Commonwealth urging him to retain jurisdiction, Judge Dowling may well have determined Dauphin County lacked jurisdiction before appellant stood trial and was adjudged guilty by the jury.

Nonetheless, evidence of the Commonwealth's intentionally trying appellant in a forum which it knew or should have known did not have jurisdiction is not in the record before us. It was a matter of legal interpretation whether Dauphin County had jurisdiction to try a case involving defraudation of a Commonwealth agency. Although the Commonwealth now accepts Judge Dowling's unappealed ruling that there was no jurisdiction in Dauphin County, we are presented no evidence showing that the Commonwealth intended *ab initio* to engage in a prosecution which it knew would result in an outcome favorable to the defense.

It provides appellant little comfort to have his position on the jurisdiction of the Court of Common Pleas of Dauphin County accepted by both that court and the Commonwealth after his being tried in that forum. However, "The societal interest in the avoidance of improper acquittals and in the

punishment of the guilty has been viewed to require retrial notwithstanding the financial, physical and psychological burdens which may occasionally be imposed thereby." *Commonwealth v. Myers,* 422 Pa. 180, 188, 220 A.2d 859, 864 (1966).

Accordingly, order of the court below is affirmed.