COMMONWEALTH of Pennsylvania,
Appellee,

v.

Rondu A. BETHEA, Appellant.

Superior Court of Pennsylvania.

Submitted May 23, 2000.
Filed Sept. 8, 2000.
Reargument Denied Nov. 20, 2000.

Gregory B. Abeln, Carlisle, for appellant.

John M. Lisko, Asst. Dist. Atty., Waynesboro, for Com.

Before McEWEN, President Judge, LALLY–GREEN, and HESTER, JJ.

McEWEN, President Judge.

¶ 1 Appellant, Rondu A. Bethea, has taken this direct appeal from the judgment of sentence to serve a total term of imprisonment of from 3 ½ years to 15 years, imposed after a jury found him guilty of the offenses of criminal conspiracy and delivery of a controlled substance. A concurrent sentence of from 6 months to 20 months was also imposed after appellant pleaded guilty to a violation of Section

6503.1 of the Vehicle Code, 75 Pa.C.S. § 6503.1, after being arrested for driving while his license was suspended under the habitual offender provisions of the Vehicle Code at 75 Pa.C.S. § 1543. For the reasons hereinafter described, we vacate the judgment of sentence in part, and affirm the judgment of sentence in part.

¶ 2 Appellant has provided a concise summary of the procedural and factual history relevant to our review:

### I. PROCEDURAL HISTORY

On or about August 21, 1998, the defendant was arrested and charged with delivery of a schedule II controlled substance (crack cocaine), 35 P.S. § 780–113(30) and conspiracy, 18 Pa.C.S. § 903, for an alleged delivery of 12.0 grams of crack cocaine schedule 2 controlled substance, to a confidential informant on April 15, 1998 in exchange for the sum of $400.00.

The defendant was also arrested and charged for being a habitual offender under 75 Pa.C.S. § 1542 (relating to revocation of habitual offender's driver's license) pursuant to 75 Pa.C.S. § 6503. After a jury trial was held on June 24, 1999, the defendant was found guilty on both counts, delivery and conspiracy to deliver crack cocaine, No. 1222–98.

On July 9, 1999, the defendant entered a plea of guilty to the charge of habitual offender, No. 753–99 [revocation of habitual offender's license, 75 Pa.C.S. § 1542].

On September 8, 1999, on Count 1, the defendant was sentenced to pay the costs of prosecution, pay a fine of $15,000.00 and undergo imprisonment in a state correctional institution for not less than 3 years nor more than 10 years. On Count 2, the defendant was sentenced to pay the costs of prosecution, pay a fine of $250.00, and undergo imprisonment in a state correctional institution for a period of not less than 6 months nor more than 60 months to be served at the expiration of the sentence of Count 1. On No. 753–99, the defendant was sentenced to a term of imprisonment in the state correctional institution for a period of not less than 6 months nor more than 20 months to be served concurrently with the sentences imposed in Criminal Action No. 1222–98, Count 2.

Services of trial counsel were terminated, and the undersigned counsel was hired to file the instant appeal.

### II. FACTUAL HISTORY

On April 14, 1998, it is alleged that the defendant did deliver 12 grams of crack cocaine, both directly and as an accomplice with Dominique Scalia, to a confidential informant for the sum of $400.00. At trial the special agent of the Pennsylvania Office of Attorney General testified that this incident occurred at the business of "All That Stuff", located at 3 North Earl Street, in Shippensburg, Cumberland County, Pennsylvania. The trial and the sentencing took place in Franklin County, Pennsylvania.

Nothing in the criminal complaint, probable cause affidavit, or the criminal information indicated that any illegal activity occurred in Franklin County. The defendant was nonetheless tried and convicted in Franklin County.

On March 7, 1999, the defendant was arrested for driving a car in Chambersburg, Franklin County, Pennsylvania under a suspended license. PennDot had listed him as a habitual offender. The defendant pleaded guilty, and was sentenced on the same date as the above charges.

¶ 3 Appellant contends that he is entitled to a new trial based upon the ineffective representation of trial counsel; namely, as more specifically recited in the brief of appellant, the failure of trial counsel to make a jurisdictional challenge to the trial being held in Franklin County when the alleged drug transaction took place in Cumberland County.

¶ 4 Appellant, in order to be entitled to relief based upon a claim of ineffective assistance of counsel, must establish:

(1) that the underlying claim is of arguable merit, (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness.... Counsel's assistance is deemed constitutionally effective once we are able to conclude that the underlying claim is not of arguable merit, ... or that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests.

*Commonwealth v. O'Donnell*, 559 Pa. 320, 332, 740 A.2d 198, 204–205 (1999) (citations omitted). "If it is clear that appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone and this Court need not determine whether the first and second prongs have been met." *Commonwealth v. Fletcher*, 561 Pa. 266, 750 A.2d 261, 274 (2000) citing *Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 357 (1995), *cert. denied*, 516 U.S. 1121, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996).

¶ 5 The record reveals that although the illegal substance offenses occurred in Cumberland County, Pennsylvania, the trial was held in the neighboring county of Franklin. This Court has recognized that "[t]he subject matter jurisdiction of a criminal court extends to the offenses committed within the county of trial.... Subject matter jurisdiction in the trial court exists by virtue of presentation of *prima facie* evidence that a criminal act occurred within the territorial jurisdiction of the court." *Commonwealth v. McNeil*, 445 Pa.Super. 526, 665 A.2d 1247, 1251 (1995) (citations omitted). *See also*: *Commonwealth v. Conforti*, 533 Pa. 530, 537, 626 A.2d 129, 132 (1993) (citation omitted) ("[t]he locus of a crime is always in issue since a court has no jurisdiction over an offense unless it occurred within the county of the trial...."); *Commonwealth v. Simeone*, 222 Pa.Super. 376, 294 A.2d 921, 922 (1972) (citation omitted) (footnote omitted) ("[e]mbedded in the common law is the proposition that the subject matter jurisdiction of criminal courts extends only to offenses committed within the county of the trial.") (footnote omitted). As the criminal events relating to the drug offenses occurred in Cumberland County, Franklin County lacked subject matter jurisdiction over these offenses, and counsel should have objected to the jurisdiction of the court.

¶ 6 Contrary to the response of the Commonwealth, as well as the thoughtful dissent of our esteemed colleague Judge Maureen Lally–Green, we are of the mind that disposition of this appeal is not controlled by the Pennsylvania Supreme Court decision of *Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139 (1997), where the Pennsylvania Supreme Court held that one county possessed subject matter and personal jurisdiction over offenses committed in another county. That plurality decision is, in our view, distinguishable by reason of the variant factual history between that case and the instant case.

¶ 7 The defendant, in *Commonwealth v. McPhail, supra*, was charged with committing numerous drug violations in the counties of Washington and Allegheny which, as conceded by the Commonwealth, were all part of a single criminal episode. Defendant, after pleading guilty to the offenses which occurred in Washington County, filed a motion in Allegheny County to dismiss the Allegheny County charges on the basis of the Pennsylvania former prosecution statute, 18 Pa.C.S. § 110. When the motion to dismiss was granted by the Allegheny County Court, the Commonwealth successfully argued on appeal to this Court that, since the trial court in Washington County lacked jurisdiction to try the offenses committed in Allegheny County, the Allegheny County charges could not be consolidated for disposition in Washington County. Thus, we held, Section 110 did not bar the disposition by the Allegheny Court of the offenses committed in Allegheny County.

¶ 8 The Pennsylvania Supreme Court, however, concluded that since all offenses

comprised a single criminal transaction, all charges should have been consolidated. As a result, the Supreme Court reversed the decision of this Court and discharged the accused. The Court, in rejecting the contention that Washington County was without jurisdiction to try the offenses committed in Allegheny County, reasoned that the offenses, although committed in separate counties, constituted a single criminal transaction and, therefore, could and should have been consolidated in a single prosecution.

■ ¶ 9 Our study of *Commonwealth v. McPhail, supra,* compels us to conclude that a condition precedent to the exercise by a single county of jurisdiction in a case involving multiple offenses in various counties is: *the offenses must constitute a single criminal episode.* As the esteemed Chief Justice John P. Flaherty there declared: "We emphasize that this case concerns only charges stemming from the same criminal episode under § 110." *Id.* at 529, 692 A.2d at 144.

■ ¶ 10 Instantly, appellant was arrested and charged, in 1998, with the drug offenses committed in Cumberland County. He was not, however, arrested for driving with a suspended license, in Franklin County, until one year later, in 1999. The offenses were neither "logically or temporally related [nor did they] share common issues of law and fact." *Id.* at 523, 692 A.2d at 141, quoting *Commonwealth v. Hude,* 500 Pa. 482, 494, 458 A.2d 177, 183 (1983). Consequently, as the offenses did not constitute a single criminal episode, *Commonwealth v. McPhail, supra,* is not controlling, and Franklin County was precluded from the exercise of jurisdiction over the illegal substance offenses committed in Cumberland County. *See, e.g., Commonwealth v. Keenan,* 365 Pa.Super. 437, 530 A.2d 90 (1987).

■ ¶ 11 Accordingly, as there could be no valid basis for the failure of counsel to challenge the jurisdiction of the court, we are constrained to find that counsel was ineffective and to remand for a new trial. The judgment of sentence imposed upon the violation of 75 Pa.C.S. § 6503.1 is affirmed.[1]

¶ 12 Judgment of sentence vacated in part and affirmed in part. Case remanded. Jurisdiction relinquished.

¶ 13 LALLY–GREEN, J., files a dissenting statement.

LALLY–GREEN, J., dissenting:

¶ 1 I respectfully dissent with regard to the issue of whether counsel was ineffective for failing to make a jurisdictional challenge to the trial being held in Franklin County when the criminal episode occurred in Cumberland County.

¶ 2 I believe the resolution of the final issue is guided by our Supreme Court's decision in *Commonwealth v. McPhail,* 547 Pa. 519, 692 A.2d 139 (1997). In *McPhail,* the defendant sold cocaine in Washington County and in Allegheny County. The Commonwealth conceded that the transactions were all part of a single criminal episode. Charges were filed in both counties and the defendant pled guilty to the offenses in Washington County. The defendant then moved to dismiss the charges filed in Allegheny County on the basis of a violation of 18 Pa.C.S. § 110. *Id.* at 140–141. In the Opinion Announcing the Judgment of the Court, Chief Justice Flaherty wrote that because the alleged sale of cocaine in Allegheny County was within the jurisdiction of the Court of Common Pleas of Washington County, all the charges should have been joined in a single trial. *Id.* at 141–145.

---

**1.** As the judgment of sentence imposed upon the illegal substance offenses has been vacated, we need not address the remaining contentions recited in the brief of appellant, namely, that counsel was ineffective by reason of a failure (1) to challenge the sufficiency of evidence at the preliminary hearing, and (2) to challenge the evidence by filing a *habeas corpus* motion or a suppression motion. While these claims are rendered moot by this decision, our study of this appeal reveals that both contentions are meritless.

¶ 3 The *McPhail* Court first made clear that each county court in Pennsylvania has jurisdiction to hear charges involving alleged violations of the Crimes Code. The Court referred to the statute defining the original jurisdiction of the courts of common pleas in the Commonwealth, 42 Pa. C.S. § 931, which provides as follows:

### § 931. Original jurisdiction and venue

(a) **General rule.**—Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas.

(b) **Concurrent and exclusive jurisdiction.**—The jurisdiction of the courts of common pleas under this section shall be exclusive except with respect to actions and proceedings concurrent jurisdiction of which is by statute or by general rule adopted pursuant to section 503 vested in another court of this Commonwealth or in the district justices.

(c) **Venue and process.**—Except as provided by Subchapter B of Chapter 85 (relating to actions against Commonwealth parties), the venue of a court of common pleas concerning matters over which jurisdiction is conferred by this section shall be as prescribed by general rule. The process of the court shall extend beyond the territorial limits of the judicial district to the extent prescribed by general rule.

*Id.* at 141 (subsection (b) added).

¶ 4 The Court then observed:

The two counties are not separate sovereigns and do not derive their power to try felony drug cases from independent sources of power. Their subject matter jurisdiction flows from the sovereign Commonwealth of Pennsylvania and is not circumscribed by county territorial limits. Territorial applicability of the [C]rimes [C]ode refers strictly to conduct occurring inside or outside Pennsylvania, not to the county in which conduct occurred. 18 Pa.C.S. § 102.

*Id.* at 142.

¶ 5 The Court next made clear that in a case involving a single criminal episode in separate counties, the question is one of proper venue and not of jurisdiction. *Id.* at 144. Thus, the *McPhail* Court concluded that, under 18 Pa.C.S. § 110, all the charges relating to a single criminal episode are within the jurisdiction of a single court and should be joined in a single trial. *Id.* at 144–145.[2]

¶ 6 In Appellant's case, the record reflects that while the crime occurred only in Cumberland County, he was tried in Franklin County. Under *McPhail*, the Franklin County Court of Common Pleas had jurisdiction to hear the matter because it is a court of common pleas in the Commonwealth of Pennsylvania. *See, McPhail*, 692 A.2d at 141 ("By constitution and by statute, the court of common pleas has unlimited original jurisdiction in all cases, actions, and proceedings, and is thus empowered, subject to a few statutory exceptions, to decide any matter arising un-

---

2. The Court also concluded that an accused's constitutional right to a trial before a jury is not offended by trial of the Allegheny County charges in Washington County:

The purpose of joining all charges from the same criminal episode, pursuant to 18 Pa. C.S. § 110, is to shield the accused from duplicitous, sequential trials. Such trials promise unnecessary delay, unnecessary expense to the accused and the Commonwealth, unnecessary duplication of judicial resources, and unnecessary aggravation to the accused and witnesses.

*Id.* at 144 n. 4, 661 A.2d 352.

der the laws of this commonwealth.") (footnote omitted).

¶ 7 The next question is whether the fact that no criminal activity occurred in Franklin County precluded the Franklin County Court of Common Pleas from hearing the case. Again, *McPhail* appears to say that venue may be proper in a county even though no criminal activity occurred in that county. Chief Justice Flaherty wrote:

> A remaining difficulty is the Commonwealth's reliance on the common law rule that a criminal court lacks jurisdiction to try an offense that did not occur within the county. This court stated in *Commonwealth v. Boyle*, 516 Pa. 105, 112, 532 A.2d 306, 309 (1987):
>
>> The law is clear that 'the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not....' *Commonwealth ex rel. Chatary v. Nailon*, 416 Pa. 280, 283, 206 A.2d 43, 45 (1965), quoting *Commonwealth v. Mull*, 316 Pa. 424, 426, 175 A. 418, 419 (1934). For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. *Commonwealth v. Tumolo*, 455 Pa. 424, 317 A.2d 295 (1974).
>
> Appellant's response is that such a common law requirement is inconsistent with the Pennsylvania Constitution, adopted in 1968, Article V, section 1, which vests the judicial power of the Commonwealth in "a unified judicial system."

\* \* \*

> From the foregoing discussion, we derive several points necessary to our decision in this case. ... [T]he place of trial, whether within or without the county where the alleged crime occurred, is a matter of venue, not jurisdiction, notwithstanding the imprecise and confusing terminology used in *Commonwealth v. Boyle, supra....* [T]rial in a county other than the one where the offense occurred is not constitutionally prohibited.... [T]rial outside the county is a mechanism which must be used sparingly, to prohibit dragging the accused all over the commonwealth and burdening him with an expensive trial at the whim of the prosecution.

> We emphasize that this case concerns only charges stemming from the same criminal episode under § 110. Under *Bracalielly* and *Hude*, an accused has substantial safeguards against prosecutorial forum-shopping or being "dragged all over the Commonwealth," for a single criminal episode exists only when multiple charges bear a close logical and temporal relationship and separate trials would involve substantial duplication and waste of judicial resources.

*Id.* at 142, 144 (footnotes omitted).

¶ 8 Justice Cappy concurred, making the following observation:

> I concur in the result reached by the majority. I write to emphasize two points: 1) that at common law, the subject matter jurisdiction of the trial courts was not limited to crimes which occurred in the county in which the court sat and 2) even if there were such a common law rule, it was abrogated by enactment of Article V, Section 5 of the Constitution of 1968 and 42 Pa.C.S.A. § 931.

*Id.* at 145.

¶ 9 Later in his concurrence, Justice Cappy stated:

> While the General Assembly could have adopted by statute the alleged common law rule which restricted the subject matter of the courts of common pleas to crimes which occurred in the county, the General Assembly did not do so. Rather, pursuant to Article V, Section 5, the General Assembly enacted 42 Pa.C.S.A. § 931, defining the jurisdiction of the courts of common pleas.

\* \* \*

> I note that these provisions, Art. V, Sec. 5 and 42 Pa.C.S.A. § 931(a) and (b),

regarding jurisdiction do not in any way mention or imply that the courts of common pleas are bounded by county territorial limits. Indeed, if anything, both Article V, Section 5 and 42 Pa.C.S.A. [§ ] 931(a) speak in terms of "unlimited jurisdiction" and "unlimited original jurisdiction" respectively, clearly indicating the rejection of any county territorial limitations upon the jurisdiction of the courts of common pleas.

That this is the case is made even more clear when we consider the predecessor statute to 42 Pa.C.S.A. § 931 which was 17 P.S. § 251 and which provided that

The courts of common pleas shall have jurisdiction and power **within their respective counties** to hear and determine all pleas, actions and suits, and causes, civil, personal, real and mixed...

(emphasis added). In enacting 42 Pa. C.S.A. § 931, the legislature clearly rejected the language of 17 P.S. § 251 which limited the jurisdiction of the courts of common pleas to "their respective counties." Where words of a later statute differ from those of a previous one, they presumably are intended to have a different construction. *Commonwealth v. Moon*, 383 Pa. 18, 117 A.2d 96 (1955). If there were any ambiguity as to the Legislature's use of the phrase "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings" in 42 Pa.C.S.A. § 931(a), the legislature's deliberate choice of dropping the previous statutory language which limited the jurisdiction of the courts of common pleas to "their respective counties" may be seen as evidence of legislative intent to reject such a limitation upon the jurisdiction of those courts. 1 Pa.C.S.A. § 1921. Accordingly, I find that if there ever existed a common law rule which limited the subject matter jurisdiction of the courts of common pleas to only those crimes which occurred within the county, such a rule was rejected by the enactment of Article V, Section 5 of the Pennsylvania Constitution and 42 Pa.C.S.A. § 931(a). Thus, if ever there were such a common law rule, it was abrogated.

*Id.* at 149–150 (footnote omitted). Then, Justice Cappy summarized his conclusions:

[T]he common law of Pennsylvania did not have a rule that limited the subject matter jurisdiction of the courts of common pleas in criminal cases to those crimes which occurred in the county. Rather, the cases cited for such a proposition are best understood as dealing with the common law right of a defendant to be tried in the county in which the crime occurred. Secondly, even if there were such a common law rule, it was abrogated by the enactment of Article V, Section 5 of the Pennsylvania Constitution and 42 Pa.C.S.A. § 931.

*Id.* at 150.

¶ 10 I recognize that *McPhail* is factually distinguishable for the reasons set forth by the Majority. Nevertheless, I find *McPhail* instructive as to the jurisdiction of county courts. Based on the analysis in *McPhail* set forth above, I would conclude that the subject matter jurisdiction of the Franklin County Court of Common Pleas is not limited to those crimes which occurred in the county. *See, Commonwealth v. Couch*, 731 A.2d 136, 141–142 (Pa.Super.1999) ("While *McPhail* is a plurality decision, and thus has limited precedential value, the result of that decision is clear: it can no longer be disputed that courts of common pleas have statewide jurisdiction and may preside over trials that concern events which take place beyond the territorial limits of the county in which the court sits.") (citations omitted), *appeal denied*, 560 Pa. 697, 743 A.2d 914 (1999).[3]

---

**3.** I further note that all of the relevant cases cited by the Majority predate *McPhail* (decided in 1997) and *Couch* (decided in 1999). *See, Commonwealth v. Conforti*, 533 Pa. 530, 626 A.2d 129 (1993); *Commonwealth v. Keenan*, 365 Pa.Super. 437, 530 A.2d 90 (1987); *Commonwealth v. McNeil*, 445 Pa.Super. 526, 665 A.2d 1247, 1251 (1995); *Commonwealth*

Thus, I would conclude that the issue is not one of jurisdiction but one of venue.

¶ 11 Appellant has raised this issue as one of ineffective assistance of counsel. To demonstrate ineffective assistance of trial counsel, Appellant must show that "(1) the underlying claim is of arguable merit; (2) counsel's action or inaction was not grounded on any reasonable basis designed to effectuate his client's interest; and (3) counsel's omission or commission so undermined the trial that the verdict is unreliable." *Commonwealth v. Legg*, 551 Pa. 437, 711 A.2d 430, 432–433 (1998).

¶ 12 "If it is clear that appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone and this Court need not determine whether the first and second prongs have been met." *Commonwealth v. Fletcher*, 561 Pa. 266, 750 A.2d 261, 274 (2000), *citing Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, 357 (1995), *cert. denied*, 516 U.S. 1121, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996).

¶ 13 The record reflects the trial court's conclusion in this issue:

> ... Although the trial should have taken place in Cumberland County, Bethea suffered no prejudice when the trial was held in Franklin County. In his statement of matters complained of on appeal and his supporting brief, Bethea does not suggest how he was prejudiced when the trial was held in Franklin County rather than Cumberland County. Furthermore, Bethea was tried by a jury of twelve who unanimously found him guilty of delivery and conspiracy. Also, the people of the neighboring counties, Franklin and Cumberland, have similar socioeconomic backgrounds so there was no prejudice to Bethea by being tried by a jury composed of Franklin County residents rather than Cumberland County residents. Because Bethea was not prejudiced, his argument that his trial

counsel was ineffective for failing to object to improper venue fails.

Trial Court Opinion, 1/4/2000, at 3.

¶ 14 Here, in Appellant's case, there is no underlying merit to the claim because the issue is not one of jurisdiction. The trial court had subject matter jurisdiction over his case. Furthermore, even assuming error had occurred, Appellant has failed to demonstrate that he suffered any prejudice. Consequently, I would affirm on this issue.

*v. Simeone*, 222 Pa.Super. 376, 294 A.2d 921 (1972).