903 A.2d 582 (2006)
COMMONWEALTH of Pennsylvania, Appellant,
v.
In the Interest of D.S., Appellee.
Superior Court of Pennsylvania.
Argued March 21, 2006.
Filed July 11, 2006.
Jason E. Fetterman, Asst. Dist. Atty., Philadelphia, for Com., appellant.
Shonda Williams, Swedesboro, NJ, for appellee.
BEFORE: TODD, BENDER, and GANTMAN, JJ.
*583 OPINION BY GANTMAN, J.:
¶ 1 Appellant, the Commonwealth of Pennsylvania, appeals from the order of the Philadelphia Court of Common Pleas, which denied the Commonwealth's petition to transfer the matter, on jurisdictional grounds, from juvenile court to the criminal court division for prosecution.[1] We vacate and remand with instructions.
¶ 2 The relevant facts and procedural history of this case are as follows. On August 2, 2004, D.S. and a cohort robbed M.B. ("victim"). When the victim attempted to fight back, D.S. shot at him. As a result of this incident, the Commonwealth charged D.S. with robbery and aggravated assault as ungraded felonies, and various other offenses, in two juvenile petitions: Nos. 16-04-08 and 17-04-08. The Commonwealth proceeded against D.S. as a juvenile due to misinformation regarding D.S.'s date of birth and age at the time of the offenses.
¶ 3 The trial court continues:
On or about August 3, 2004, the juvenile appeared before a Hearing Master at the Youth Study Center where he was discharged from the Youth Study Center and placed at St. Gabriel's pending a hearing scheduled for August 18, 2004 at 1801 Vine Street, Courtroom "S."
On August 18, 2004, this matter was continued because inter alia, the Commonwealth was not ready. On August 26, 2004, before the Honorable Earl W. Trent, Jr., a certification hearing was held on Petitions 16-04-08 & 17-04-08 and the juvenile was held for Court on all charges except the violations of the Uniforms Firearms Act.
On September 10, 2004, an amenability hearing was held before the Honorable Earl W. Trent, Jr., wherein Judge Trent ruled the juvenile amenable to the juvenile system. Subsequently, on or about September 20, 2004, the Commonwealth filed a petition seeking to withdraw prosecution and have the defendant re-slated as a Direct File Juvenile, pursuant to 42 Pa.C.S.A. § 6302: 42 Pa.C.S.A. § 6355(e) of the Juvenile Act. Judge Trent denied the Commonwealth's petition. On or about December 16, 2004, the Commonwealth filed a Motion to Transfer this matter to Courtroom "D". Said Motion to Transfer was likewise denied.
(Trial Court Opinion, filed June 14, 2005, at 1-2). The Commonwealth's motions were based upon its delayed discovery that D.S. was actually fifteen years old at the time of his offenses, and not fourteen years old, as the Commonwealth had originally determined. Therefore, the Commonwealth argued the juvenile court was without jurisdiction to adjudicate D.S. as a delinquent.
¶ 4 On appeal, the Commonwealth presents the following issue for our review:
DID THE JUVENILE COURT ERR IN REFUSING TO TRANSFER THIS CASE TO CRIMINAL COURT, (WHICH HAS ORIGINAL JURISDICTION OVER THE MATTER BECAUSE D.S. IS CHARGED WITH AGGRAVATED ASSAULT AND ROBBERY AS FELONIES OF THE FIRST DEGREE, [AND] WAS 15 *584 YEARS OLD AT THE TIME OF THE CRIME, AND USED A DEADLY WEAPON DURING THE COMMISSION OF THE CRIMES) BECAUSE, IN ITS OPINION, D.S. IS "AMENABLE" TO TREATMENT WITHIN THE JUVENILE SYSTEM, DESPITE THE FACT THAT THE JUVENILE COURT HAS NO JURISDICTION AND ANY ADJUDICATION WOULD BE A LEGAL NULLITY?
(Commonwealth's Brief at 4).
¶ 5 The Commonwealth argues D.S. was 15 years old and used a handgun during the commission of the aggravated assault and robbery. Therefore exclusive jurisdiction lies in the criminal division, not in juvenile court, because Section 6302 of the Juvenile Act vests original jurisdiction in the criminal courts for specified violent felonies committed by minors aged fifteen or older who use a deadly weapon in the commission of the offenses. The Commonwealth contends the juvenile court lacks subject matter jurisdiction and must transfer the case to the criminal division. According to the Commonwealth, the juvenile court's amenability determination regarding D.S. is a legal nullity, because the juvenile court lacked proper jurisdiction. Furthermore, the Commonwealth assures us there are no double jeopardy concerns, because the juvenile court lacked subject matter jurisdiction.
¶ 6 In response, D.S. maintains he was not charged with "graded" felonies as required under 42 Pa.C.S.A. §§ 6302(2)(ii)(c) and 6302(2)(ii)(d). Because the offenses were "ungraded," the offenses qualify under the Juvenile Act's definition of "delinquent act." D.S. further asserts the Commonwealth failed to amend the petitions and revise the grading of the felony charges to first degree felonies. Moreover, the Commonwealth did not object to the juvenile court's decision to leave the felonies ungraded. Thus, the matter falls under the Juvenile Act. We disagree with D.S.'s contentions and agree with the Commonwealth.
¶ 7 Subject matter jurisdiction is purely a question of law; the appellate standard of review is de novo and the scope of review is plenary. Commonwealth v. Bethea, 574 Pa. 100, 108 n. 5, 828 A.2d 1066, 1071 n. 5 (2003), cert. denied, 540 U.S. 1118, 124 S.Ct. 1065, 157 L.Ed.2d 911 (2004); Commonwealth v. John, 854 A.2d 591, 593 (Pa.Super.2004), appeal denied, 582 Pa. 682, 870 A.2d 320 (2005). "[E]very division of the court of common pleas has jurisdiction to transfer any case properly heard in the court of common pleas to the [court] division having subject matter jurisdiction over that particular matter." Commonwealth v. Johnson, 542 Pa. 568, 577, 669 A.2d 315, 320 (1995). "As amended in 1995, the Juvenile Act vests original jurisdiction in the criminal courts for specified violent felonies. . .committed by minors aged fifteen or older who use a deadly weapon in the commission." Commonwealth v. Cotto, 562 Pa. 32, 35, 753 A.2d 217, 219 (2000).
¶ 8 Section 6302 of the Juvenile Act of Pennsylvania provides:
§ 6302. Definitions
The following words and phrases when used in this chapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:
* * *
"Child." An individual who:
(1) is under the age of 18 years
* * *
"Delinquent act."
(1) The term means an act designated a crime under the law of this Commonwealth, *585 or of another state if the act occurred in that state or under Federal law, or under local ordinances or an act which constitutes indirect criminal contempt under 23 Pa.C.S.Ch. 61 (relating to protection from abuse).
(2) The term shall not include.
* * *
(ii) Any of the following prohibited conduct where the child was 15 years of age or older at the time of the alleged conduct and a deadly weapon as defined in 18 Pa.C.S. § 2301 (relating to definitions) was used during the commission of the offense, which, if committed by an adult would be classified as.
* * *
(C) Aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault).
(D) Robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery).
42 Pa.C.S.A. § 6302 (internal emphasis added). Section 6355 of the Juvenile Act in relevant part elaborates:
§ 6355. Transfer criminal proceedings
(a) General rule.After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, of this Commonwealth, the court before hearing the petition on its merits may rule that this chapter is not applicable and that the offense should be prosecuted, and transfer the offense, where appropriate, to the division or a judge of the court assigned to conduct criminal proceedings, for prosecution of the offense if all of the following exist:
(1) The child was 14 or more years of age at the time of the alleged conduct.
(2) A hearing on whether the transfer should be made is held in conformity with this chapter.
(3) Notice in writing of the time, place and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing.
(4) The court finds:
(i) that there is a prima facie case that the child committed the delinquent act alleged;
(ii) that the delinquent act would be considered a felony if committed by an adult;
(iii) that there are reasonable grounds to believe that the public interest is served by the transfer of the case for criminal prosecution.
* * *
(e) Murder and other excluded acts. Where the petition alleges conduct which if proven would constitute murder, or any of the offenses excluded by paragraph (2)(ii) or (iii) of the definition of "delinquent act" in section 6302 (relating to definitions), the court shall require the offense to be prosecuted under the criminal law and procedures, except where the case has been transferred pursuant to section 6322 (relating to transfer from criminal proceedings) from the division or a judge of the court assigned to conduct criminal proceedings.
* * *
42 Pa.C.S.A. § 6355(a), (e). Additionally, "Although this issue does not arise frequently, there is case law establishing the proposition that where subject matter jurisdiction is lacking no jeopardy attaches, *586 and therefore there is no bar to a second prosecution." Commonwealth v. Keenan, 365 Pa.Super. 437, 530 A.2d 90, 93-94 (1987).
¶ 9 Instantly, no one disputes that D.S. was actually fifteen years old when he committed the offenses of aggravated assault and robbery with a deadly weapon. These offenses are specifically excluded from the definition of "delinquent acts" under the Juvenile Act, when committed by an offender who is at least fifteen years old. See 42 Pa.C.S.A. § 6302. Therefore, D.S.'s offenses do not qualify as "delinquent acts." Id. Because the offenses do not qualify as "delinquent acts," D.S.'s offenses must be prosecuted under the criminal law and procedures. See 42 Pa.C.S.A. § 6355.
¶ 10 In addition, due to the nature of these offenses, the fact that D.S.'s felonies were initially ungraded when charged is not dispositive. Moreover, the Commonwealth's late discovery of D.S.'s actual age does not constitute waiver of the jurisdictional issue. See Commonwealth v. Sanders, 814 A.2d 1248 (Pa.Super.2003) (citing Johnson, supra at 576-78, 669 A.2d at 320-21) (stating issue of certification between juvenile and criminal divisions is jurisdictional and therefore not waivable). On these grounds, the juvenile court was obligated to transfer the proceedings to criminal court.
¶ 11 Finally, although D.S. does not argue double jeopardy, we note that proceeding against D.S. in criminal court does not give rise to double jeopardy concerns. Because the juvenile court lacked subject matter jurisdiction ab initio, all juvenile proceedings that took place so far are legally invalid. See Keenan, supra (reiterating no jeopardy attaches where subject matter jurisdiction is lacking). Moreover, there is no evidence in this case that the Commonwealth wrongfully intended to subject D.S. to adjudication and disposition in a court without proper jurisdiction. Accordingly, we vacate and remand this case for proceedings in the criminal court, without prejudice to D.S. to file a petition for decertification.
¶ 12 Order vacated; case remanded with instructions. Jurisdiction is relinquished.
NOTES
[1] The time for filing an appeal from this order would have expired on February 13, 2005; however, that date fell on a Sunday. Consequently, the appeal filed on Monday, February 14, 2005 is timely. 1 Pa.C.S.A. § 1908. Further, the decision of the juvenile court to transfer or not to transfer the case is interlocutory. 42 Pa.C.S.A. § 6355(f). The Commonwealth's notice of appeal contains a statement that the order will substantially handicap or terminate the prosecution of the case. See Pa.R.A.P. 311(d) and Commonwealth v. Dugger, 506 Pa. 537, 486 A.2d 382 (1985).