COMMONWEALTH of Pennsylvania,
Appellee

v.

Curtis BRINSON, Appellant.

Superior Court of Pennsylvania.

Argued July 26, 2011.
Filed Oct. 5, 2011.

Norris E. Gelman, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney and Karen B. Jordan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: LAZARUS, MUNDY, and FREEDBERG, JJ.

OPINION BY LAZARUS, J.:

Curtis Brinson appeals from his judgment of sentence entered on June 16, 2009 in the Court of Common Pleas of Philadelphia County after a jury found him guilty of first-degree murder and possessing instruments of crime ("PIC").[1] After careful review, we affirm.

1. 18 Pa.C.S.A. § 2502(a) and 18 Pa.C.S.A. § 907(a), respectively.

On April 13, 1985, Brinson shot and killed Arthur Johnson in the men's room of a Philadelphia nightclub. He was tried and convicted by a jury of first-degree murder and PIC in 1986. After this Court affirmed his judgment of sentence and our Supreme Court denied *allocatur,* Brinson pursued post-conviction remedies in the state and federal courts based, *inter alia,* upon a *Batson* claim.[2] Ultimately, after the Commonwealth withdrew its opposition to the last of several *pro se habeas corpus* petitions, on March 6, 2007, the Honorable John Fullam of the U.S. District Court for the Eastern District of Pennsylvania entered an order vacating Brinson's conviction and sentence and directing that Brinson be retried within 120 days or released.

The subsequent procedural history was set forth by the U.S. Court of Appeals for the Third Circuit in an unpublished opinion issued on July 30, 2009:

> Between March 6, 2007 and January 3, 2008, a series of continuances in setting a trial date were granted by the [Common Pleas Court]. The record shows that the continuances were granted pursuant to requests by defense counsel Norris Gelman, and joint requests by the parties, to allow the [Commonwealth] sufficient time to review the file and determine whether a plea to a lesser offense should be offered. On January 29, 2008, [the Commonwealth] conveyed to Brinson's counsel its determination that a plea to murder in the third degree with no further time in custody would not be acceptable.

Mr. Gelman, Brinson's habeas counsel, withdrew from further representation. The [Common Pleas Court] appointed [Bernard Siegel] to represent Brinson at trial.

> Brinson's trial counsel requested several continuances to prepare for trial and because he had to try other cases already set for trial. On June 19, 2008, a trial date of June 8, 2009 was set.

> . . .

> On July 16, 2008, Brinson filed a pro se application in the [U.S.] District Court [for the Eastern District of Pennsylvania] in which he requested that the conditional writ of habeas corpus granted on March 6, 2007 be made absolute. The District Court conducted an evidentiary hearing on September 18, 2008. It received testimony from Mr. Gelman, . . . Bernard Siegel, . . . and John Doyle, the prosecutor assigned to retry the case[.]

> On October 1, 2008, based upon the evidence presented at the evidentiary hearing, the District Court issued an order holding that the Commonwealth had failed to comply with the conditional writ of habeas corpus it issued on March 6, 2007. It held that the Commonwealth had "failed to fulfill the condition precedent to re-try [Brinson]." Accordingly, the District Court declared Brinson's "May 23, 1986 Judgment of Conviction . . . null and void, and without effect," and entered an absolute writ of habeas

---

**2.** *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (holding that Equal Protection Clause prohibits prosecutor from challenging potential jurors on basis of race and establishing burden-shifting framework for analyzing claims of discrimination in jury selection). The prosecuting attorney in Brinson's original trial was then-Assistant District Attorney Jack McMahon. During jury selection at Brinson's first trial, McMahon exercised thirteen of fourteen peremptory challenges against African–American prospective jurors. Subsequently, in 1997, a 1986 training videotape, entitled "Jury Selection with Jack McMahon," publicly surfaced in which McMahon "advocated the use of peremptory challenges against African Americans." *Brinson v. Vaughn,* 398 F.3d 225, 229 (3rd Cir.2005).

corpus. It ordered his immediate release from custody.

. . .

The Commonwealth filed a timely notice of appeal and applied for a stay of the order to release Brinson. The stay was granted by [the Circuit Court], pending . . . appeal.

*Brinson v. Vaughn,* No. 08–4082, 2009 WL 2330758, \*2 (3d Cir. July 30, 2009).

While the federal appeal was pending, the Honorable Shelley Robbins–New of the Court of Common Pleas of Philadelphia County held a pretrial hearing on June 4, 2009. There, Brinson argued that Judge Fullam's October 1, 2008 order had terminated his prosecution, unless and until the order was reversed by the Third Circuit. Thus, Brinson asserted, his trial should not move forward until the Third Circuit issued its ruling. In response, the Commonwealth argued that the filing of a habeas petition does not divest the Common Pleas Court of jurisdiction. Furthermore, the Commonwealth asserted that the sole issue currently before the federal court concerned whether Brinson should remain in custody pending retrial and not whether he could be retried. Judge Robbins–New ruled that the trial could go forward and proceeded to empanel a jury.

On June 15, 2009, the jury found Brinson guilty of first-degree murder and PIC. Judge Robbins–New imposed a mandatory term of life imprisonment for the murder, as well as a concurrent term of one to two years' imprisonment on the PIC charge. This timely appeal followed, in which Brinson raises the following issues for our review:

I. CAN A COURT THAT LACKS SUBJECT MATTER JURISDICTION ENTER A VALID FINAL ORDER?

II. DID THE TRIAL COURT LACK JURISDICTION TO TRY [BRINSON] WHILE THE COMMONWEALTH'S APPEAL OF JUDGE FULLAM'S ORDER FINDING [BRINSON'S] CONVICTION TO BE "NULL AND VOID AND WITHOUT EFFECT" WAS PENDING IN THE THIRD CIRCUIT?

III. DID THE ORDER THE COMMONWEALTH APPEALED NULLIFY [BRINSON'S] CONVICTION AND DID IT INVALIDATE ALL CHARGING DOCUMENTS ON WHICH IT WAS PREDICATED? [3]

IV. DID THE STAY THE COMMONWEALTH SECURED ALSO SERVE TO DEPRIVE THE STATE COURT OF JURISDICTION?

Brief of Appellant, at 8.

■■■ Brinson's remaining issues on appeal can be distilled to one question, the answer to which will be dispositive of the appeal: Whether the Court of Common Pleas possessed subject matter jurisdiction to retry Brinson while the Commonwealth's appeal, and requested stay, was pending in the federal court? Because the question of subject matter jurisdiction is purely one of law, our standard of review is *de novo,* and our scope of review is plenary. *Commonwealth v. D.S.,* 903 A.2d 582, 584 (Pa.Super.2006).

---

**3.** We may dispose of this issue by noting that, by its plain language, Judge Fullam's order nullified only Brinson's *conviction,* not the charging documents underlying his prosecution. As the Third Circuit Court of Appeals has stated, a successful *habeas* petitioner's position is "no more or less than that of any other state-indicted, not-yet-tried individual" and that "it is [a] petitioner's *conviction,* not his *indictment* which has been declared unconstitutional by the federal court." *Carter v. Rafferty,* 781 F.2d 993, 998 (3d Cir.1986) (emphasis in original).

As a preliminary matter, we find it helpful to provide a brief overview of the law relating to the federal injunction of state court proceedings. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Generally, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* at 41, 91 S.Ct. 746 (quoting 28 U.S.C. § 2283). In addition to these statutory exceptions, the courts have authorized federal injunction of state proceedings "where a person about to be prosecuted . . . can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages." *Id.* at 43, 91 S.Ct. 746 (citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). This general disinclination on the part of the federal courts to interfere with state court proceedings has its origins in the notions of comity and federalism, as well as the basic doctrine of equity jurisprudence that "courts of equity should not act, and particularly should not act to enjoin a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44, 91 S.Ct. 746.

At oral argument in this matter, Brinson referred to the U.S. Supreme Court's decision in *U.S. v. Shipp,* 203 U.S. 563, 27 S.Ct. 165, 51 L.Ed. 319 (1906), which was not raised in his appellate brief. The panel of this Court granted the parties permission to submit post-submission communications setting forth their respective positions concerning the application of the case to the instant matter. In *Shipp,*

a defendant had appealed to the U.S. Supreme Court following the denial of *habeas* relief. The Court entered an order "that all proceedings against the appellant be stayed, and the custody of said appellant be retained pending appeal." *Id.* at 571, 27 S.Ct. 165. Despite having received notice of the Supreme Court order, the county sheriff withdrew the customary guard from the jail and, with other co-conspirators, lynched the defendant. Thereafter, the federal government successfully prosecuted contempt charges against the sheriff and others for violating the stay issued by the Supreme Court.

Brinson cites this case specifically for its reference to Rev. Stat. § 766, which was modified in 1948 and now appears at 28 U.S.C. § 2251. Section 2251 provides, in relevant part, as follows:

§ 2251. Stay of State court proceedings

(a) In general.

(1) Pending matters. A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

. . .

(a) No further proceedings. After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void. **If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending.**

28 U.S.C. § 2251 (emphasis added). Brinson argues that, because the Third Circuit granted the Commonwealth's request for a stay, the subsequent retrial and conviction

is void pursuant to section 2251(b). Brinson claims that the stay applied to Judge Fullam's entire October 1, 2008 order which, in addition to directing Brinson's release, also reiterated the court's prior directive that "[t]he May 23, 1986 Judgment of Conviction ... against the petitioner Curtis Brinson is declared null and void, and without effect." Order of Judge Fullam, 10/1/08.

The Commonwealth argues that it appealed only that portion of Judge Fullam's order directing that Brinson be released. The Commonwealth asserts that the portion of the October 1, 2008 order declaring Brinson's conviction null and void was merely a reiteration of the court's March 6, 2007 order, which the Commonwealth did not appeal. We agree.

■ Neither the District Court nor the Circuit Court specifically enjoined the Commonwealth from proceeding with Brinson's retrial in Common Pleas Court. The Commonwealth's appeal of the District Court's October 1, 2008 order was clearly limited to whether the District Court had erred in ordering Brinson's immediate release; the stay granted by the Third Circuit at the request of the Commonwealth similarly related only to the lower court's order to release Brinson. In fact, the Circuit Court confirmed as much in its opinion, stating "[t]he Commonwealth filed a timely notice of appeal and applied for a stay **of the order to release Brinson**." *Brinson, supra,* at *2 (empha-

sis added). The opinion proceeds to address only the issue of whether Judge Fullam had properly ordered Brinson's release, concluding that he had not. In short, a blanket stay of state court proceedings was neither requested nor issued. Thus, the Commonwealth was free to pursue its prosecution of Brinson while the Third Circuit considered the limited issue of Brinson's release. Our finding is consistent with both the policy of the federal courts regarding interference with state prosecutions, *see Younger, supra,* as well as with the dictates of 28 U.S.C. § 2251, which specifies that, in the absence of a federal court order specifically staying state proceedings, such a proceeding is "valid as if no habeas corpus proceedings or appeal were pending." 28 U.S.C. § 2251(b).[4]

Judgment of sentence affirmed.

---

4. Brinson also likens his situation to one in which an appeal is taken from a Pennsylvania trial court to a Pennsylvania appellate court. Brinson argues that "once a party takes an appeal to an appellate court, the trial court is divested of jurisdiction over the subject matter and may no longer proceed further in the matter." Brief of Appellant, at 13 (quoting *Fiore v. Oakwood Plaza Shopping Center, Inc.,* 401 Pa.Super. 446, 585 A.2d 1012, 1019 (1991)) (citations and quotations omitted). Within the closed judicial system of this Com-

monwealth, this is a correct statement of the law. However, Brinson's analogy fails when applied to the relationship between a federal appeals court and our state trial courts in the context of a *habeas corpus* proceeding. As stated above, federal courts will rarely act to enjoin a proceeding on the state level, doing so only "when absolutely necessary for protection of constitutional rights" when an individual can demonstrate irreparable harm. *Younger, supra.* Brinson has cited no cases, federal or state, in support of his position.