J-S29006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CURTIS BRINSON | : | |
| | : | |
| Appellant | : | No. 2507 EDA 2018 |

Appeal from the PCRA Order Entered September 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0613151-1985

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 12, 2020**

Appellant, Curtis Brinson, appeals from the dismissal of his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following his conviction for first-degree murder and possession of an instrument of crime ("PIC"). We affirm.

Briefly, the factual history of this case, as set forth by this Court on direct appeal, is as follows:

> On April 13, 1985, Brinson shot and killed Arthur Johnson in the men's room of a Philadelphia nightclub. He was tried and convicted by a jury of first-degree murder and PIC in 1986. After this Court affirmed his judgment of sentence and our Supreme Court denied *allocatur,* Brinson pursued post-conviction remedies in the state and federal courts based [] upon a ***Batson*** claim. Ultimately, after the Commonwealth withdrew its opposition to the last of several *pro se habeas corpus* petitions, on March 6, 2007, the [District Court] entered an order vacating Brinson's conviction and

---

[*] Retired Senior Judge assigned to the Superior Court.

sentence and directing that Brinson be retried within 120 days or released.

***Commonwealth v. Brinson***, 30 A.3d 490, 491 (Pa. Super. 2011). The Commonwealth did not appeal the District Court's March 6, 2007 order.

The procedural history following the issuance of that order was set forth by the U.S. Court of Appeals for the Third Circuit as follows:

Between March 6, 2007 and January 3, 2008, a series of continuances in setting a trial date were granted by the [Common Pleas Court]. The record shows that the continuances were granted pursuant to requests by defense counsel Norris Gelman, and joint requests by the parties, to allow the [Commonwealth] sufficient time to review the file and determine whether a plea to a lesser offense should be offered. On January 29, 2008, [the Commonwealth] conveyed to Brinson's counsel its determination that a plea to murder in the third degree with no further time in custody would not be acceptable.

Mr. Gelman, Brinson's habeas counsel, withdrew from further representation. The [Common Pleas Court] appointed [Bernard Siegel] to represent Brinson at trial.

Brinson's trial counsel requested several continuances to prepare for trial and because he had to try other cases already set for trial. On June 19, 2008, a trial date of June 8, 2009 was set.

...

On July 16, 2008, Brinson filed a *pro se* application in the [District Court] in which he requested that the conditional writ of *habeas corpus* granted on March 6, 2007 be made absolute. The District Court conducted an evidentiary hearing on September 18, 2008. It received testimony from Mr. Gelman, ... Bernard Siegel, ... and John Doyle, the prosecutor assigned to retry the case[.]

On October 1, 2008, based upon the evidence presented at the evidentiary hearing, the District Court issued an order holding that the Commonwealth had failed to comply with the conditional writ of *habeas corpus* it issued on March 6, 2007. It held that the Commonwealth had "failed to fulfill the condition precedent to re-

try [Brinson]." Accordingly, the District Court declared Brinson's "May 23, 1986 Judgment of Conviction ... null and void, and without effect," and entered an absolute writ of *habeas corpus*. It ordered his immediate release from custody.

***Brinson v. Vaughn***, No. 08–4082, 2009 WL 2330758, \*2 (3d Cir. July 30, 2009).

The Commonwealth appealed this order, arguing that the District Court erred by ordering the immediate release of Brinson given that the delays in setting the matter for retrial had not been chargeable to the Commonwealth. The Commonwealth also applied for a stay of the order releasing Brinson pending its appeal, which the Circuit Court granted.

While that appeal was pending, the Common Pleas Court held a pretrial hearing regarding Brinson's retrial. At that hearing, Brinson argued that the Common Pleas Court did not have jurisdiction to retry him because the District Court's October 1, 2008 order had, according to Brinson, barred his retrial and terminated prosecution unless and until the Third Circuit reversed. The Common Pleas Court disagreed. Instead, the Court found that the District Court's order, and the Commonwealth's appeal of that order, went solely to the issue of whether Brinson should remain in custody pending retrial, "and not to the status of the trial." N.T., 6/4/2009, at 26. Accordingly, the Common Pleas Court determined that there was no jurisdictional impediment to proceeding with Brinson's retrial.

On June 16, 2009, after a jury trial, Brinson was found guilty of first-degree murder and PIC. He was sentenced to a mandatory term of life

- 3 -

imprisonment for the first-degree murder conviction, and to a concurrent term of one to two years' imprisonment for the PIC conviction.

Brinson filed a direct appeal, in which he argued the Common Pleas Court lacked jurisdiction to retry him while the Commonwealth's federal appeal was pending.[1] Specifically, Brinson asserted that the stay granted by the Circuit Court had applied to the entire October 1, 2008 District Court order, which not only directed Brinson's release, but also found that Brinson's 1986 conviction was null and void. As such, Brinson claimed, his subsequent retrial was void under 28 U.S.C. § 2251, which provides:

§ 2251. Stay of State court proceedings

(a) In general.--

(1) Pending matters.--A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

...

(b) No further proceedings.--After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void. If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending.

---

[1] Of note, the Third Circuit issued its ruling on July 30, 2009, reversing the District Court's order on the basis that the delay in retrying Brinson was caused by the defense, not the Commonwealth. **See Brinson v. Vaughn**, No. 08-4082, 2009 WL 2330758, *2 (3d Cir. July 30, 2009).

*Id*.

In response, the Commonwealth argued that the stay granted by the Circuit Court only related to that portion of the District Court's October 1, 2008 order directing that Brinson be immediately released. The Commonwealth asserted that the portion of the order declaring his conviction null and void was merely a reiteration of the District Court's March 6, 2007 conditional order, which the Commonwealth had not appealed.

This Court agreed with the Commonwealth, stating:

The Commonwealth's appeal of the District Court's October 1, 2008 order was clearly limited to whether the District Court had erred in ordering Brinson's immediate release; the stay granted by the Third Circuit at the request of the Commonwealth similarly related only to the lower court's order to release Brinson. In fact, the Circuit Court confirmed as much in its opinion, stating "[t]he Commonwealth filed a timely notice of appeal and applied for a stay of the order to release Brinson." The opinion proceeds to address only the issue of whether [the District Court] had properly ordered Brinson's release, concluding that [it] had not. In short, a blanket stay of state court proceedings was neither requested nor issued. Thus, the Commonwealth was free to pursue its prosecution of Brinson while the Third Circuit considered the limited issue of Brinson's release. Our finding is consistent with both the policy of the federal courts regarding interference with state prosecutions, as well as with the dictates of 28 U.S.C. § 2251, which specifies that, in the absence of a federal court order specifically staying state proceedings, such a proceeding is "valid as if no habeas corpus proceedings or appeal were pending."

*Brinson*, 30 A.3d at 494 (citations omitted). Emphasizing that "[n]either the District Court nor the Circuit Court specifically enjoined the Commonwealth from proceeding with Brinson's retrial in Common Pleas Court," this Court

concluded that the Common Pleas Court had jurisdiction to retry Brinson. **Id**. Our Supreme Court subsequently denied allocatur.

On July 26, 2012, Brinson filed a *pro se* PCRA petition. Brinson's first appointed counsel filed a **Finley**[2] no-merit letter and was granted permission to withdraw from representation. The PCRA court appointed new counsel, who filed an amended PCRA petition. In that petition, Brinson reasserted his claim that the Common Pleas Court lacked jurisdiction to retry him and claimed that he had "newly-discovered evidence" to confirm this. On July 14, 2014, the PCRA court dismissed Brinson's petition on the basis that his lack of jurisdiction issue had been previously litigated on direct appeal. Brinson appealed the PCRA court's decision, but this Court dismissed that appeal for failure to file a brief. Brinson filed another PCRA petition seeking reinstatement of his appeal rights *nunc pro tunc*. On July 20, 2018, the PCRA court granted Brinson's petition. This timely appeal followed.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.

---

[2] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Super. 2001). Moreover, a PCRA court may decline to hold a hearing on a PCRA petition if the court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or other evidence. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

In order to be eligible for PCRA relief, a petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated for PCRA purposes if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2). "[T]he fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar." *Commonwealth v. Roane*, 142 A.3d 79, 94 (Pa. Super. 2016) (citations omitted).

Here, Brinson concedes that the lack of jurisdiction issue was previously litigated on direct appeal. He asserts, however, that he now has "newly-discovered evidence" that entitles him to relief. Brinson points to a subsequent filing by the Commonwealth in federal court in which the Commonwealth stated that it had appealed the granting of the absolute writ of *habeas corpus* to the Third Circuit. According to Brinson, this amounts to an admission by the Commonwealth that it had actually appealed the entire District Court October

1, 2008 order, which in his opinion would bar re-prosecution unless and until the Third Circuit granted the appeal.

As the discussion above regarding this Court's opinion on direct appeal makes abundantly clear, this Court considered and rejected Brinson's claim on direct appeal that the Common Pleas Court lacked jurisdiction to retry him. In doing so, this Court specifically found that the Commonwealth's appeal to the Circuit Court and the stay that was granted pending that appeal related only to the lower court's directive to immediately release Brinson. This Court found that the Circuit Court had not, contrary to Brinson's allegations, issued a blanket stay on Brinson's retrial in state court. We therefore found that the Common Pleas Court had jurisdiction to retry Brinson. While Brinson clearly disagrees with this conclusion, this disagreement does not change the fact that the claim has been previously litigated and that he is not entitled to relitigate it on the basis of new or different allegations. *See Roane*, 142 A.3d at 94. As the PCRA court stated, the lack of jurisdiction "issue was previously litigated. The mere fact that [Brinson] now raises it under theories that may be different from those raised before this Court and on direct appeal, does not avoid the [previous litigation bar]." PCRA Court Opinion, 6/29/2016, at 5. No relief is due.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/12/2020*