J-S47017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE LUIS TORRES | |
| Appellant | No. 2117 EDA 2013 |

Appeal from the PCRA Order June 21, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000282-2012
CP-39-CR-0000289-2012
CP-39-CR-0002821-2011
CP-39-CR-0002822-2011
CP-39-CR-0002828-2011
CP-39-CR-0003824-2012

BEFORE: MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 31, 2014**

Appellant, Jose Luis Torres, appeals, *pro se*, from an order entered on June 21, 2013 that denied his petition filed pursuant to the Post conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Between June 2010 and May 2011, Appellant committed a series of ten burglaries in Lehigh County and neighboring jurisdictions. Thereafter, on June 3, 2011, officers with the Allentown and Upper Saucon Police Departments, acting on information from confidential sources and pursuant to an arrest warrant on unrelated charges, stopped a vehicle operated by Appellant. A struggle ensued but the officers were eventually able to subdue

Appellant. During a subsequent inventory search, the officers discovered a 9mm semi-automatic handgun on the front passenger floorboard of the vehicle. Further investigation also revealed that 1) the 9mm handgun had been reported stolen, 2) Appellant had a prior felony conviction that prohibited him from possessing a firearm, and 3) Appellant did not have a license to carry a firearm on the date of his apprehension.

On July 28, 2011, the Commonwealth filed three criminal informations that charged Appellant with the following offenses:[1]

CP-39-CR-2821-2011

Count 1 – Persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1).

CP-39-CR-2822-2011

Count 1 – Receiving stolen property, 18 Pa.C.S.A. § 3925(a).

Count 2 - Persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1).

Count 3 – Firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1).

CP-39-CR-2828-2011

Count 1 – Aggravated assault, 18 Pa.C.s.a. § 2702(a)(3).

Count 2 – Recklessly endangering another person, 18 Pa.C.S.A. § 2705.

---

[1] Hereafter, we shall collectively refer to the charges filed on July 28, 2011 as the "2011 cases."

Count 3 – Resisting arrest, 18 Pa.C.S.A. § 5104.

On February 14, 2012, the Commonwealth filed three additional criminal informations against Appellant that charged as follows:[2]

CP-39-CR-282-2012

Count 1 – Burglary, 18 Pa.C.S.A. § 3502(a).

Count 2 – Criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii).

Count 3 – Theft by unlawful taking, 18 Pa.C.S.A. § 3921(a).

Count 4 – Receiving stolen property, 18 Pa.C.S.A. § 3925(a).

Count 5 – Criminal mischief, 18 Pa.C.S.A. § 3304(a)(5).

CP-39-CR-289-2012

Counts 1, 7, 13, 19, 25, 33, 39 – Burglary, 18 Pa.C.S.A. § 3502(a).

Counts 2, 8, 14, 20, 26, 34, 40 – Criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii).

Counts 3, 9, 15, 21, 27, 35, 41 – Theft by unlawful taking, 18 Pa.C.S.a. § 3921(a).

Counts 4, 10, 16, 22, 28, 36, 42 – Receiving stolen property, 18 Pa.C.s.a. § 3925(a).

Counts 5, 11, 17, 23, 29, 37, 43 – Criminal mischief, 18 Pa.C.S.A. § 3304(a)(2).

_____

[2] Hereafter, we shall collectively refer to the charges filed on February 14, 2012 as the "2012 cases."

> Counts 6, 12, 18, 24, 30, 38, 54 – Conspiracy to commit burglary, 18 Pa.C.S.A. § 903(a), 3502(a).
>
> Counts 31, 32, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 – Persons not to possess, 18 Pa.C.S.A. § 6105(a)(1).

CP-39-CR-3824-2012

> Counts 1 and 2 – Burglary, 18 Pa.C.S.A. § 3502(a).

On February 27, 2012, Appellant resolved the 2011 cases by entering a negotiated plea agreement with the Commonwealth. *See generally* N.T., 2/27/12, at 2-16. Under the terms of the plea agreement, Appellant pled guilty to persons not to possess in case no. 2822/2011 and entered a *nolo contendere* plea to resisting arrest in case no. 2828/2011. In exchange for Appellant's pleas, the Commonwealth agreed to *nolle pros* case no. 2821/2011 and further agreed not to pursue the other charges alleged in case nos. 2822/2011 and 2828/2011. Additionally, pursuant to the parties' plea agreement, the court imposed a sentence of five to ten years' incarceration for Appellant's persons not to possess conviction at case no. 2822/2011, together with a concurrent sentence of one to two years of imprisonment for the resisting arrest charge in case no. 2828/2011.

On June 28, 2012, Appellant moved *pro se* to discontinue trial counsel's representation. The trial court convened a hearing on Appellant's motion on July 9, 2012. At the conclusion of the hearing, the court relieved trial counsel of her duty to represent Appellant, but directed her to remain attached to Appellant's cases as stand-by counsel.

Appellant resolved the 2012 cases by entering a separate negotiated plea agreement with the Commonwealth on September 10, 2012. ***See generally*** N.T., 9/10/12, at 2-27. At the September 10, 2012 plea hearing, Appellant pled guilty to ten counts of burglary[3] and one count of criminal conspiracy to commit burglary. In exchange for Appellant's guilty pleas, the Commonwealth withdrew the remaining charges at case nos. 282/2012 and 289/2012. In addition, pursuant to the parties' plea agreement, the court sentenced Appellant to serve seven and one-half to 15 years on each of the burglary and conspiracy charges. The court also directed that these sentences were to run concurrent to each other but consecutive to the sentence imposed on February 27, 2012. Thus, the aggregate sentence for Appellant's 2011 and 2012 cases was 12½ to 25 years in prison.

Appellant filed a *pro se* PCRA petition on February 19, 2013. Appellant's petition alleged that trial counsel rendered ineffective assistance in advising him to enter into pleas that violated 18 Pa.C.S.A. § 110. Appellant also claimed that his sentence was illegal and that the Commonwealth breached the parties' plea agreement when the sentences on the 2011 and 2012 cases were run consecutively to each other instead of concurrently. On February 26, 2013, the PCRA court appointed counsel to

---

[3] As indicated above, one count of burglary was charged at case no. 282/2012, seven were charged at case no. 289/2012, and two were charged at case no. 3824/2012.

represent Appellant. After reviewing the record, PCRA counsel concluded that the issues raised in Appellant's petition lacked merit. Accordingly, counsel forwarded Appellant a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and moved to withdraw as counsel on March 21, 2013. The trial court convened an evidentiary hearing to address Appellant's petition for collateral relief on May 29, 2013. At the commencement of this hearing, the court permitted PCRA counsel to withdraw. *See* N.T., 5/29/13, at 6. Appellant proceeded *pro se* throughout the proceedings. Following the close of testimony, the PCRA court took the matter under advisement. On June 24, 2013, the PCRA court issued an opinion and order denying Appellant's petition. This timely appeal followed.[4]

Appellant's brief raises the following questions for our review:

WHETHER PCRA COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE INEFFECTIVENESS OF TRIAL COUNSEL, WHERE TRIAL COUNSEL: (A) ADVISED THE APPELLANT TO ENTER GUILTY PLEAS ON FEBRUARY 27, 2012, WHEN THERE EXISTED OTHER DUPLICATE AND RELATED CHARGES, AND/OR CHARGES WHICH WERE PART OF THE SAME CRIMINAL EPISODE, IN A SEPARATELY FILED MATTER; AND (B) FAILED TO FILE A TIMELY OMNIBUS PRETRIAL MOTION TO DISMISS THE CRIMINAL INFORMATION AT CP-39-CR-0000289-2012, ON DOUBLE JEOPARDY GROUNDS?

WHETHER THE CONSECUTIVE SENTENCE IMPOSED ON 9/10/12, FOR BURGLARY, IS ILLEGAL, WHERE: (A) IT VIOLATES THE

_____

[4] The requirements of Pa.R.A.P. 1925(c) have been satisfied in this case.

CONCURRENT TERMS OF THE FORMER 2/27/12 PLEA AGREEMENT, INVOLVING THAT SAME THEFT BY RECEIVING STOLEN PROPERTY; OR (B) WHERE THE COMMONWEALTH DISMISSED THAT "THEFT" AS PART OF THE FORMER AGREEMENT; AND/OR (C) WHERE THE FIREARM'S CHARGE THE BURGLARY RAN CONSECUTIVE TO WAS ACTUALLY DISMISSED, AS PART OF THE TERMS OF THE SECOND AGREEMENT, IN EXCHANGE FOR THE PLEAS BEING ENTERED?

Appellant's Brief at 3.

Appellant challenges an order that denied his petition for relief under the PCRA. Our standard of review for an order denying collateral relief is well settled. We have said:

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

*Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

Appellant's first claim asserts that trial counsel[5] was ineffective in advising him to enter guilty pleas on February 27, 2012 where there

---

[5] In both the argument section of his brief and in his statement of questions involved, Appellant asserts a layered claim relating to PCRA counsel's failure to raise a claim based upon trial counsel's deficient stewardship. Appellant, however, never raised a claim pertaining to PCRA counsel's alleged ineffectiveness before the PCRA court. Hence, we deem this aspect of Appellant's contentions waived. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014) (PCRA
*(Footnote Continued Next Page)*

remained outstanding duplicate and related charges arising from the same criminal episode relating to the 2011 cases. Appellant also claims that, in view of the duplicate and related charges alleged in the 2011 cases, trial counsel should have filed a pretrial motion to dismiss case no. 289/2012 under the compulsory joinder rule.[6] Appellant maintains that trial counsel's lack of familiarity with the compulsory joinder rules caused her to advise him to accept the Commonwealth's plea offer on February 27, 2012. Appellant also asserts that counsel's recommendations were not the result of any reasonable, strategic or tactical decision and that her advice subjected him

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

petitioner can preserve claims challenging PCRA counsel's effectiveness after counsel files a **_Turner/Finley_** letter by seeking leave from the trial court to amend his petition, by including such claims in response to the court's notice of intent to dismiss, or by otherwise raising such issues while the PCRA court retains jurisdiction). We shall therefore address only Appellant's complaints about the performance of trial counsel.

[6] Throughout his brief, Appellant refers interchangeably to "double jeopardy" and to the compulsory joinder statute found at 18 Pa.C.S.A. § 110. Appellant's references to double jeopardy, however, are not separately developed through citations to pertinent authority. This Court has found waiver where claims have not been developed through citation to pertinent authorities. Pa.R.A.P. 2119; **_see also Commonwealth v. Cox_**, 72 A.3d 719, 721 n.3 (Pa. Super. 2013). We have also said that, "Consideration of the constitutional protections contained in the double jeopardy clauses [of the federal and state constitutions] is necessary where the statutory provisions relating to subsequent prosecutions are not applicable." **_Commonwealth v. Keenan_**, 530 A.2d 90, 93 (Pa. Super. 1987). Section 110 of the compulsory joinder statute addresses situations where a former prosecution for a different offense is alleged to compel joinder. **_Id_**. at 92. That is precisely the claim that Appellant raises in this appeal. For each of these reasons, we shall confine our analysis to an examination of section 110 and its application to the circumstances in this case.

to successive trials and consecutive punishments. For the following reasons, we conclude that Appellant is not entitled to relief.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Id.*** "[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Tharp***, 2014 WL 474578, *5 (Pa. 2014).

As stated **supra** at footnote six, section 110 of the compulsory joinder statute applies to situations where it is alleged that a former prosecution for a different offense compels joinder. **See** 18 Pa.C.S.A. § 110. We are guided by the following principles in our review of claims that invoke section 110.

> The compulsory joinder statute is a legislative mandate that a subsequent prosecution for a violation of a provision of a statute that is different from a former prosecution, or is based on different facts, will be barred in certain circumstances. 18 Pa.C.S.A. § 110. As amended in 2002, Section 110 states in relevant part:
>
> **§ 110. When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:
>
> (i) any offense of which the defendant could have been convicted on the first prosecution;
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

**Commonwealth v. Fithian**, 961 A.2d 66, 71-72 (Pa. 2008).

By the plain terms of section 110, a former prosecution precludes a subsequent prosecution only when the former prosecution results in an

acquittal or a conviction. Appellant cites his February 27, 2012 pleas as the former prosecution that triggered the Commonwealth's obligation to prosecute the burglary charges alleged in case no. 289/2012 in the same proceeding. As we stated above, Appellant, on February 27, 2012, pled guilty to persons not to possess in case no. 2822/2011[7] and entered a *nolo contendere* plea to resisting arrest in case no. 2828/2011. In exchange for Appellant's pleas, the Commonwealth agreed to *nolle pros* case no. 2821/2011[8] and further agreed not to pursue the other charges alleged in case nos. 2822/2011 and 2828/2011. Under the particular circumstances of this case, then, we must first identify the precise offenses within the former prosecution that are capable of barring a subsequent prosecution under section 110.

Here, Appellant makes no claim that his conviction for resisting arrest compelled the joinder of the burglary charges alleged at case no. 289/2012. Moreover, pursuant to Appellant's February 27, 2012 plea deal, the Commonwealth agreed to *nolle pros* case no. 2821/2011 and further agreed not to pursue the other charges alleged in case nos. 2822/2011 and

_____

[7] The persons not to possess charge in case no. 2822/2011 related to the recovery of the 9mm handgun found in Appellant's vehicle at the time of his arrest.

[8] The sole charge alleged at case no. 2821/2011 involved the offense of persons not to possess. This charge arose from the recovery of a Glock handgun that officers recovered from a garage that they searched after Appellant's June 3, 2011 arrest.

2828/2011. Black's Law Dictionary defines *nolle prosequi* as "[a] legal notice that a lawsuit or prosecution has been abandoned." Black's Law Dictionary, Eighth Edition at 1074. That source goes on to state that,

> [*n*]*olle prosequi* is a formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further, either as to some of the counts of the indictment, or as to part of a divisible count, or as to some of the persons accused, or altogether. It is a judicial determination in favor of [an] accused and against his conviction, **but it is not an acquittal**, nor is it equivalent to a pardon.

*Id*. (emphasis added); ***Commonwealth v. Ahearn***, 670 A.2d 133, 135-136 (Pa. 1996) ("Since a *nolle prosequi* acts neither as an acquittal nor a conviction, double jeopardy does not attach to the original criminal bill or information.").[9] As such, neither the charge alleged at case no. 2821/2011, nor the offenses withdrawn at case nos. 2822/2011 and 2828/2011, are capable of preclusive effect under the express terms of section 110. Only Appellant's guilty plea to persons not to possess at case no. 2822/2011 (arising from the seizure of the 9mm handgun found in Appellant's vehicle)

---

[9] We note ***Ahearn*** is legally distinguishable from the present case. In ***Ahearn***, our Supreme Court confronted the question of whether the Commonwealth improperly reinstituted the **exact same** charges that had previously been *nolle prossed* when the defendant entered a guilty plea to unrelated charges. By contrast, in the present case, the Commonwealth withdrew a receiving stolen property charge which arose from the fact that Appellant had been apprehended with a 9mm firearm that had been reported stolen and later filed burglary charges accusing Appellant of entering the residence of another without authority for the purpose of committing a crime therein.

qualifies as a potentially preclusive offense under section 110. We therefore review the facts underlying Appellant's guilty plea to that offense.

The Commonwealth described the factual basis for Appellant's plea at the hearing conducted on February 27, 2012. During that proceeding, the district attorney entered the following recitation on the record:

> On June the 3rd, 2011 at approximately 4:19 p.m. members of the Allentown Police Department stopped a burgundy over gold in color Chevrolet Tahoe bearing Pennsylvania registration HND 2110 in the 800 block of Hickory Street in Allentown.
>
> It was being operated by [Appellant], who was wanted by police on unrelated charges.
>
> [A co-defendant] was seated in the front passenger [seat]. During an inventory of the vehicle's contents a Smith & Wesson model 659, 9mm semi-automatic pistol, bearing a serial number TBF 2165 was located on the passenger front floorboard of the vehicle.
>
> Upon checking the handgun for ownership, [an officer], learned that the handgun had been reported stolen to Pennsylvania State Police, Hamburg during a burglary and had subsequently been entered into NCIC Clean as such.
>
> It was later learned [] that the handgun was owned by [an individual], as he had registered the firearm, Smith & Wesson 659, manufactured serial number TBF 2165.
>
> [The officer] did a check and it was determined that [Appellant] did not have a license.
>
> In addition, [the officer] obtained a copy of [Appellant's] criminal history and in 1997 [Appellant] pled guilty to burglary, a felony of the first degree, which makes him a person prohibited from possessing, using, manufacturing, controlling or selling a firearm under Subsection of 6105.

N.T., 2/27/12, at 6-8. Appellant agreed to the Commonwealth's recitation of the facts without hesitation. *Id.* at 8 (indicating Appellant's acceptance of "full responsibility" for the firearm despite the presence of an accomplice).

With these facts in mind, we now address Appellant's claims that his firearms conviction barred prosecution of the burglary offenses alleged at case no. 289/2012. Initially, appellant raises a claim under 18 Pa.C.S.A. § 110(1)(i). Section 110(1)(i) provides that a prior conviction bars subsequent prosecution of "any offense of which the defendant could have been convicted on the first prosecution." 18 Pa.C.S.A. § 110(1)(i). Appellant cites four factors supporting his contention that his guilty plea precluded later prosecution of burglary charges under section 110(1)(i). First, Appellant notes that the Commonwealth, on October 5, 2011, filed a single complaint in case no. 289/2012 that encompassed both burglary and firearms related offenses. *See* Appellant's Brief at 16-18. Second, Appellant claims that the two prosecutions could have been consolidated because offenses charged in both cases (*i.e.* firearms possession charges) constituted a single continuous possession. *See id.* at 18-22. Third, Appellant alleges that the two prosecutions could have been consolidated because the receiving stolen property charge in the first prosecution was a lesser-included offense of the burglary charges leveled in the second prosecution. *See id.* at 22-23. Fourth, Appellant asserts that he could have been convicted of both prosecutions on February 27, 2012 because the

Commonwealth filed notice, pursuant to Pa.R.Crim.P. 582, of its intent to try all of Appellant's offenses (*i.e.* the 2011 cases and the 2012 cases) in a single proceeding in which Appellant and his accomplices were named as defendants. *See id*. at 23-25. Notwithstanding Appellant's contentions, even a cursory review of the admitted factual basis of Appellant's guilty plea reveals that it could not support a conviction for burglary. Hence, Appellant's claim under section 110(1)(i) lacks merit and trial counsel cannot be deemed ineffective for failing to consider or take action under this provision.

Appellant next asserts that the burglary offenses charged in case no. 2012 should have been joined in the prior prosecution under section 110(1)(ii).

> As has been summarized by our [Supreme] Court, Section 110(1)(ii) . . . contains four requirements which, if met, preclude a subsequent prosecution due to a former prosecution for a different offense:
>
> (1) the former prosecution must have resulted in an acquittal or conviction;
>
> (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;
>
> (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and
>
> (4) the current offense occurred within the same judicial district as the former prosecution.
>
> *See [Commonwealth v.] Nolan*, 855 A.2d [834, 839 (Pa. 2004)]; *Commonwealth v. Hockenbury*, 701 A.2d 1334, 1337

- 15 -

([Pa.] 1997). Each prong of this test must be met for compulsory joinder to apply.

*Commonwealth v. Fithian*, 961 A.2d 66, 71-72 (Pa. 2008) (parallel citation omitted).

In this case, we focus our attention upon the second requirement listed above, as we find it dispositive of Appellant's contentions. In deciding whether the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution,[10] our Supreme Court has said that, "courts considering the logical relationship prong [must look to] the temporal and logical relationship between the charges to determine whether they arose from a single criminal episode." *Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013). "Generally, charges against a defendant are clearly related in time and require little analysis to determine that a single criminal episode exists." *Commonwealth v. Hude*, 458 A.2d 177, 181 (Pa. 1983). With respect to whether a logical relationship exists, the Supreme Court has explained:

> In ascertaining whether a number of statutory offenses are logically related to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. If there is duplication, then the offenses are logically related and must be prosecuted at one trial. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create

---

[10] This factor is commonly referred to as the "logical relationship" prong. *See Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013).

- 16 -

> a separate criminal episode since the logical relationship test does not require an absolute identity of factual backgrounds.

*Id.* (internal quotation marks omitted). Substantial duplication of issues of law and fact is a prerequisite, as *de minimis* duplication is insufficient to establish a logical relationship between offenses. ***Commonwealth v. Bracalielly***, 658 A.2d 755, 761 (Pa. 1995). Where different evidence is required to establish the defendant's involvement in criminal activity, substantial duplication is not demonstrated.[11] ***See id.*** at 761–62.

Appellant argues that there are common issues of law and fact that run between the two prosecutions. To establish the requisite logical and factual relationship, Appellant claims that the burglaries, his firearms conviction, and the offenses that were *nolle prossed* or withdrawn following the entry of his pleas on February 27, 2012 (*e.g.* receiving stolen property) all arose from a single criminal episode. For example, Appellant argues that

_____

[11] In considering the temporal and logical relationship between criminal acts, we are guided by the policy considerations that § 110 was designed to serve:

> (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation.

***Commonwealth v. Anthony***, 717 A.2d 1015, 1018–1019 (Pa. 1998) (citation omitted).

when he burglarized the residence of one of his victims on May 28, 2011 and stole firearms that were located within the home, he simultaneously committed burglary, receiving stolen property, and persons not to possess firearms. **See** Appellant's Brief at 31. Appellant then argues that the two prosecutions involve factual duplication since the victims of his offenses would be called upon to prove the theft charges in the first prosecution as well as the burglary offenses in the second prosecution. **See id.** at 34. Appellant seems to suggest that, given the logical relationship between the first and second prosecutions, it was improper for the Commonwealth to institute burglary charges after it withdrew the receiving stolen property charge on February 27, 2012 since the withdrawal of the theft charge led Appellant to believe that no further prosecution would be forthcoming. **See id.** at 33 (noting that the receiving stolen property charge substantially duplicates the burglary charges and that the withdrawal of the receiving charge was part of the *quid pro quo* of the February 27, 2011 plea agreement); **see also Ahearn**, 670 A.2d at 136 (to substantiate claim that Commonwealth was barred from reinstating *nolle prossed* charges following entry of guilty plea, appellant was required to show an actual representation by the Commonwealth or a commitment by the Commonwealth which led appellant to reasonably believe that guilty plea obligated the Commonwealth to withdraw the charges as part of the plea agreement).

The record refutes Appellant's understanding and firmly establishes that there is no logical relationship between Appellant's firearms conviction

and the subsequent burglary prosecution. At the February 27, 2012 plea hearing, the trial court stated on the record that, notwithstanding Appellant's pleas to persons not to possess and resisting arrest, Appellant still had open cases. N.T., 2/27/12, at 3. Appellant nodded his head in agreement with the trial court. *Id.* Then, after the trial court accepted Appellant's pleas, the following exchange between the court, trial counsel, and Appellant took place on the record:

> [Trial Counsel]: Your Honor, he does have other charges, obviously, that he needs to resolve here in Lehigh County. This is a – and elsewhere, as you heard. So this is a maximum penalty. It's within the standard range. Other than that, there really is nothing more to say.
>
> The Court: Anything that you want to say?
>
> [Appellant]: No.

*Id.* at 15.

The record contains no evidence of an agreement by the Commonwealth to forgo Appellant's burglary charges as part of the plea agreement entered by the parties on February 27, 2012. The guilty plea colloquy does not establish an interrelationship between the pleas entered on February 27, 2012 and the subsequent burglary charges. In exchange for Appellant's pleas to resisting arrest and persons not to possess, the Commonwealth agreed to *nolle pros* case no. 2821/2011 and further agreed not to pursue the other charges alleged in case nos. 2822/2011 and 2828/2011. The facts placed on the record at Appellant's first plea hearing

related exclusively to resisting arrest and a discreet firearms possession charge relating to the date of Appellant's apprehension. Moreover, the written plea colloquy signed by Appellant states that he received no other promises (apart from the plea agreement) that induced his entry of a plea. The PCRA court found that Appellant understood the terms and consequences of his guilty pleas. Thus, Appellant has not established that the withdrawal of any charges on February 27, 2012 led him to believe that he would not face prosecution for the burglaries that he committed.

Turning to the logical relationship between Appellant's possessory firearms conviction and the subsequent burglary charges, we find no error in the PCRA court's conclusion that this claim lacked merit. In rejecting Appellant's claim, the court stated:

> [The PCRA court] recognizes that [s]ection 110 of the Criminal Code requires that the Commonwealth proceed with all charges arising out of the same criminal episode by prosecuting them together. However, [Appellant's] possessory crime that occurred in the City of Allentown, Lehigh County, on June 3, 2011, is a totally separate criminal episode from the burglary that occurred on May 28, 2011, in Hamburg, Pennsylvania. [The PCRA court] notes that [Appellant] did not enter a guilty plea to the **theft** of the subject firearm on February 27, 2012. Instead, [Appellant] pled guilty to [p]ersons [n]ot to [p]ossess a [f]irearm. This offense has nothing to do with how the firearm was acquired, but addresses the fact that the firearm was in [Appellant's] possession in contravention of the law. Therefore, [Appellant's] guilty plea to [p]ersons [n]ot to [p]ossess a [f]irearm that was entered on February 27, 2012, does not prohibit the later prosecution for the [b]urglary in which the firearm was taken. Based on the foregoing, [trial counsel] cannot be deemed ineffective for advising [Appellant] that there were no viable or recognizable legal issues with regard to [Appellant's contentions under section 110].

PCRA Court Opinion, 6/24/13, at 5-6 (emphasis in original).  For the reasons expressed by the PCRA court, we conclude that Appellant is not entitled to relief under section 110(1)(ii).

In his final claim, Appellant alleges that the consecutive sentence imposed on September 10, 2012 for his burglary conviction is illegal. Appellant advances three reasons in support of his contention.  First, Appellant claims that his burglary conviction should have merged with the receiving stolen property charge that was withdrawn by the Commonwealth as part of Appellant's February 27, 2012 plea agreement.  Second, Appellant asserts that the withdrawal of the persons not to possess charge alleged at case no. 289 retroactively voided Appellant's prior conviction for that offense at case no. 2822/2011.  Third, Appellant claims that a consecutive sentence in this case violates a promise he received to the effect that all of his theft and firearms related offenses would be imposed concurrently.  These claims merit no relief.

> This Court has held that:
>
> The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases.  Those categories are:  (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

**Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013) (internal citations and parallel citations omitted).

In this case, Appellant does not allege that his sentence fell outside the legal parameters prescribed by the applicable statute or that his punishment ran afoul of **Apprendi**. In addition, for reasons largely related to our prior analysis, we conclude that Appellant has failed to advance a viable claim involving merger, double jeopardy, or compulsory joinder. Thus, Appellant's final claim does not challenge the legality of his sentence. Rather, Appellant objects to the trial court's exercise of its discretion to impose consecutive sentences.[12] This Court has previously held that undeveloped challenges to the discretionary aspects of a sentence are not cognizable under the PCRA. **See Commonwealth v. Evans**, 866 A.2d 442, 444-445 (Pa. Super. 2005). For these reasons, we conclude the Appellant's sentencing claim merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2014

---

[12] Appellant's sentencing challenge is not set forth under the rubric of an ineffective assistance of counsel claim.